## No. 17,770.

COLORADO HIGH SCHOOL ACTIVITIES ASSOCIATION, ET AL. *v.*
UNCOMPAHGRE BROADCASTING COMPANY, ET AL.
(300 P. [2d] 968)

Decided August 20, 1956. Rehearing denied September 17, 1956.

132

Mr. EMORY L. O'CONNELL, Mr. A. ALLEN BROWN, for plaintiffs in error.

Messrs. ROBERTSON & DANKS, Messrs. SPARKS & CONKLIN, Messrs. HUGHES & BJELLAND, for defendants in error.

Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, Mr. ROBERT L. KNOUS, Amici Curiae on behalf of Colorado Broadcasters and Telecasters Association.

Messrs. STRANG, LOESCH & KREIDLER, Amici Curiae on behalf of the Montrose County High School District.

Mr. HUBERT D. WALDO, Mr. DUDLEY I. HUTCHINSON, Mr. J. HARRISON HAWTHORNE, Mr. CLYDE T. DAVIS, Mr. LESLIE A. GIFFORD, Amici Curiae on behalf of School Districts in Weld, Boulder, Fremont, Otero, Adams and Arapahoe Counties.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

Plaintiffs in error were defendants below and will herein be referred to as defendants or Association or District where applicable. Defendants in error were plaintiffs below and will be referred to herein as plaintiffs.

This is a case of first impression in Colorado and involves the question of whether a public school district in Colorado can charge private radio stations a fee to broadcast a high school football game.

A secondary question is whether it makes a difference that the charge has been ordered to be made by and that part thereof is payable to the Association which is a voluntary unincorporated body, organized by principals of Senior Public High Schools in Colorado, and which Association is not subject to direct control by either the state or its elected public officials. The evidence shows there is no authority under the Colorado school laws for the creation of this Association.

Plaintiffs alleged that they owned certain radio stations located in Montrose and Garfield Counties, Colorado; that the existence and operations of the Association is illegal and that the latter " * * * does dictate to the local high schools * * * policies to be followed by said schools in the conduct of activities * * *." Plaintiffs also alleged that charging of a broadcast fee violates their constitutional rights under Art. II, sec. 10 of the Colorado Constitution and the Fourteenth Amendment to the United States Constitution. They prayed for an injunction, both temporary and permanent, restraining defendants from attempting to prohibit game broadcasting of Delta County High School games; from collecting the fee of $12.50, involved in this case, and for " * * * *costs of this action and such other and further relief as to the Court may seem just in the premises and from the evidence introduced at the trial.*"

By oral stipulation of the parties there was admitted in evidence: the Constitution and By-Laws of defendant Association; its Manual dated October, 1954; the minutes of the 1953-54 Annual Meeting of the Board of Control held April 15, 16, 1954, and copies of certain letters relating to the charge of the broadcast fee in question. By written stipulation the trial court had before it certain other evidence as facts, such as: the adoption by defendant Association of its broadcasting fee schedule; that tickets for the game in question did not expressly prohibit broadcasting; that one-half of the fees charged for broadcasting go to the local district and one-half to defendant Association; that defendant district belonged to defendant Association by action of its District School Board and payment of its membership fee; that plaintiffs had broadcast the game in question; a recital of the organization of defendant Association showing how the high school superintendent of Delta City became a member of the Board of Control of defendant Association.

A temporary restraining order granted by the trial court was continued in effect by stipulation until judgment was entered. Defendants' answers, and the district's cross complaint for its fee, contained denials and admissions bringing the matter to issue. The answers expressly admitted that defendant Association "has no authority to force the public high schools of the State of Colorado to collect broadcast fees * * *." The matter was tried upon the pleadings and stipulated facts.

The trial court on April 25, 1955, entered lengthy written findings of fact and judgment detailing the facts, concluding, ordering and decreeing in part that the "contract" between *the several school districts in Colorado* and the Association embodied in the Association's Constitution and By-Laws is unconstitutional and void; that payments by school districts of annual dues (assessments) and agreeing to other assessments violate the rights and authority of the local school boards; that the school board could charge a broadcast fee for the game

in question and that plaintiffs owed $6.25 (the District having waived its one-half and this amount being the sum due the District which it had agreed to pay the Association). The temporary injunction theretofore issued was dissolved.

In due course motions for a new trial filed by defendants were overruled and certain minor corrections made in the judgment by the court. Judgment was entered by the clerk and defendants are here by writ of error urging that:

1. The plaintiffs were not shown to be in a proper position or proper parties to question the legality of the membership of the defendant school in the defendant association, and the finding by the court that the relationship between defendant school and defendant association is unconstitutional is beyond the scope of any issues which the plaintiff could call upon the court to determine.

2. The pleadings filed by the plaintiffs were not sufficient to and did not present the issues upon which the trial court predicated its findings and judgment.

3. The trial court erred in finding and concluding that the membership of defendant school in defendant association amounts to the giving up of control of educational activities by the school board and placing it in the association in violation of the Constitution of Colorado, or otherwise.

4. The trial court erred in finding and concluding that membership of the defendant school in defendant association constituted:

(a) a donation of defendant school's funds to the association; (b) a pledge of the credit of defendant school for the bills or debts of defendant association; or (c) subscription to or becoming a shareholder in a company or owning property in joint ownership with other school districts in violation of the constitution or laws of the State of Colorado or otherwise.

5. The action of defendant school in joining defend-

ant association was a public purpose and within the powers of defendant school.

FIRST QUESTION TO BE DETERMINED.

Can a public school district in Colorado charge private radio stations a fee to broadcast a high school football game?

■ This question is answered in the affirmative. In the instant case the parties stipulated that this charge is valid and we agree. There is no reason why a school district, even though supported by public tax funds, should not charge reasonable fees to broadcast any or all of its athletic events. No question has been raised here as to the reasonableness of the fee so we assume it to be fair and proper. We cannot see that it makes a difference how the fee to be charged is computed. If the District has voluntarily chosen to join the Association and to follow its fee schedule that is of no concern to these plaintiffs, nor does it concern the latter as to how the District may dispose of such a fee once collected so long as the money is spent for a legitimate public educational purpose. The conclusion of the trial court on this question is in substance a finding that the charge involved is legal and not a violation of any right of the plaintiffs.

SECOND QUESTION TO BE DETERMINED.

May the plaintiffs in this action challenge the manner in which and to whom the District distributes its funds?

■ This question is answered in the negative. If plaintiffs had desired to challenge the expenditure of public school funds once properly received, they should have done so in a proper action with the proper parties. This action was not so brought. This is an action for a restraining order and injunction to prohibit the collection of a fee and of future fees and to enjoin the alleged interference of defendants with the broadcasting of events without payment of a fee. Plaintiffs did not bring the action as taxpayers, nor allege that they were taxpayers, nor did they bring it as a class action, nor did they join as defendants those other school districts whose

contracts the trial court declared unconstitutional and void. Nor was it an action to declare the contract between the two defendants invalid, nor to declare all contracts between the Association and other districts invalid, nor to challenge the authority of this district or any other district to pay dues to the Association. No special injury was shown here. Declaratory judgments or actions in the nature of quo warranto are the approved methods of seeking to determine rights in such matters, but this is neither.

 The complaint here prayed for certain relief and the trial court properly acted thereon. But when it proceeded to determine rights affecting persons not parties to the action on issues not within the pleadings it abused its power and acted without authority. In the recent case of *People ex rel. Inter-Church Temperance Movement v. Baker,* 133 Colo. 398, 297 P. (2d) 273, it was held that a plaintiff by declaratory judgment action could not challenge the constitutionality of a state liquor licensing law unless the persons directly and substantially affected thereby were properly joined as parties — tavern owners whose licenses were affected were neither named nor served. That suit was brought by property owners in their own behalf and on behalf of all other property owners similarly situated, and this Court stated: " * * * neither in the declaratory judgment action nor in any other judicial proceeding called to our attention may the rights of persons not parties to a judicial proceedings be bound by the action of a court in that proceeding."

 The catchall words in the prayer of the complaint which asked for " * * * costs of this action and such other and further relief as to the court may seem just in the premises and from the evidence introduced at the trial" do not mean that a trial court can grant relief beyond the issues presented by the pleadings and so not included within the general intent of the express relief sought. To hold otherwise would be to compel a

defendant to prepare to defend himself against issues not properly before the court. "A bill or complaint for injunctive relief will be construed strictly against the pleader * * *." 43 C.J.S. 867, sec. 182 d. "A prayer for general relief in addition to a specific injunctive relief may support the granting of any relief which the court deems justified under the circumstances." 43 C.J.S. 867, sec. 182 c. However, the latter type of relief must relate to the main purpose, be within the issues presented in the pleadings, and should only include matters ancillary thereto and can only bind the parties to the action.

### THIRD QUESTION TO BE DETERMINED.

May the trial court under the facts and record herein presented declare void contracts allegedly existing between defendant Association and other school districts not parties to this action?

This question is answered in the negative. The same reasons negate this attempt as they do the Second Question posed above. Here plaintiffs set forth only one primary right in their complaint; viz., injunction. It constituted but one claim. While separate claims might have been presented in this action with proper parties, or filed as separate actions on the several matters which the judgment attempts to determine, it was not so presented and neither the plaintiffs' briefs nor the trial court's judgment can expand the issues made by the pleadings on writ of error. If one primary right is shown there is only one cause of action. 1 C.J.S. 1192, sec. 65.

Any attempt to hold that this matter concerns several separate claims and approving the judgment as entered runs afoul of the test of misjoinder. "At common law, legal and equitable causes of action cannot be joined." Sec. 75 f., 1 C.J.S. 1216. Under our rules, however, either a plaintiff or defendant may " * * * join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party." Rule 18 (a), R.C.P. Our rule does not,

however, relieve a pleader from the requirement that the claims must be separately stated in his pleadings and a fortiori expressly requested as relief if in a complaint. "A difference in the evidence required to prove two different causes of action has been cited as a ground for holding them misjoined." Sec. 77, 1 C.J.S. 1223.

In addition, here we have the lack of indispensable parties to the action to determine rights as between the Association and other school districts. Rule 19, R.C.P. *People ex rel Inter-Church Temperance Movement v. Baker,* supra. Also see *Grater v. Logan High School,* 64 Colo. 600, 173 Pac. 714; *Johnson v. School District No. 1,* 128 Ore. 9, 270 Pac. 764; *Cavanaugh v. People,* 61 Colo. 292, 157 Pac. 200.

As this Court said in *U. S. B. & L. Assn. v. McClelland,* 95 Colo. 292, 36 P. (2d) 164, "when someone who claims to have suffered * * * raises the question, it will be time for us to deal with it." And, by way of analogy in the challenging of the constitutionality of acts, this Court held in *Airy v. The People,* 21 Colo. 144, 40 Pac. 362, that " * * * only the one whose rights are affected by the determination of these questions and who has some right to, and interest in, the defeat of the act, can raise them * * * "; i.e., questions as to its constitutionality.

"It is a fundamental rule that questions which are not presented to the Court and which do not necessarily inhere in those questions which are presented cannot be decided by the Court." *Henderson, Sheriff, v. Antonacci,* (Fla.) 62 So. 2d 5.

Plaintiffs cite *United Coal Co. v. Canon City Coal Co.,* 24 Colo. 116, 48 Pac. 1045, which was a damage action for an alleged trespass and taking of coal wherein this Court said in substance that a court of equity having acquired jurisdiction of a matter for one purpose, may determine the rights of the parties before it for all purposes. We point out that here the facts are different for the various reasons above stated and that case is not in point.

140

We have carefully reviewed the record and read many cases cited. We must conclude that the finding of the trial court that the fee in question was properly charged by the District and is still due and owing is correct, and the judgment on the cross complaint is therefore affirmed. As to all other matters, the judgment is reversed. Each party to pay its own costs.

MR. JUSTICE SPARKS not participating.