## No. 18,519.

PEOPLE OF THE STATE OF COLORADO EX REL. GEORGE O.
CORY, ET AL. *v.* THE COLORADO HIGH SCHOOL ACTIVITIES
ASSOCIATION, ET AL.

(349 P. [2d] 381)

Decided January 11, 1960. February 23, 1960, on petition for
rehearing, opinion modified and rehearing denied.

Messrs. HUGHES, KNOUS & SHOOK, for plaintiffs in error.

Mr. EMORY L. O'CONNELL, for defendant in error The Colorado High School Activities Association.

Messrs. BRYANT, PETRIE, WALDECK & KING, for defendant in error Montrose County High School District.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

PLAINTIFFS in error, relators below, are a group of citizens, residents, taxpayers, and voters of Montrose County, Colorado. Upon refusal of the district attorney of Montrose County to prosecute this action, they filed their complaint as a class action on behalf of themselves and all others similarly situated, under the provisions of Rule 106 (a) (3), R.C.P. Colo.. 1953. They sought judicial determination of the constitutionality, legal existence and validity of the operations of the respondent Colorado High School Activities Association, and challenged the participation in the affairs of the Association by the Montrose County High School District. They alleged that the District had agreed to be bound by the rules and regulations of the Association; that such rules and regulations, among other things, provide for the control of certain activities of the member schools and may require the expulsion from such schools of students for violations thereof, and that public moneys are re-

quired to be allocated by the members of the Association in substantial sums totalling approximately $60,000.00 per year.

It was further alleged that the acts of respondents violate Article IX sections 1 and 15, Article XI sections 1 and 2, and Article XIV section 3 of the Colorado Constitution and C.R.S. 1953, 49-1-6, 88-1-9, 123-3-5 and 123-10-6; that the public high schools of the state are coerced to join and remain members of the Association by virtue of the fact that practically all other schools belong, and no interschool activities of any value can be arranged without the consent of the Association. Further it was alleged that the Association is dealing in public property but is not accountable to public officials.

The caption of the complaint was entitled "(Quo Warranto, Injunctive and Other Relief)." Respondents moved to dismiss for failure to state a claim upon which relief could be granted, which motion was granted but no formal judgment of dismissal followed. Relators are here by writ of error seeking reversal.

The grounds for asserting that the complaint failed to state a claim upon which relief could be granted were as follows:

1. The allegations failed to set forth facts which if true would entitle relators to a writ in the nature of *quo warranto,* and

2. The complaint failed to show the special interest required of a relator in a *quo warranto* proceeding.

Respondents further urge that if, under the Rule of Civil Procedure, relief other than *quo warranto* be considered, there was a lack of indispensable parties.

■ The case as presented to this court involves primarily the applicability of *quo warranto* to the fact situation disclosed by the complaint. A court should not be restricted to an analysis of the name or title to determine the nature of a pleading or its sufficiency. As recently stated in *Rubenstein v. U. S.* (10 Cir. 1955) 227 F. (2d) 638, cert. denied 350 U. S. 993, 100 L. ed. 858:

"There is no controlling magic in the title, name, or description which a party litigant gives to his pleading. The substance rather than the name or denomination given a pleading is the yardstick for determining its character and sufficiency (citing cases)."

In determining whether sufficient facts have been alleged to state a claim upon which relief might be granted, it is incumbent upon the trial court to analyze the substance of the complaint. In the instant case, such an analysis indicates, as detailed below, that the trial court was in error in dismissing relators' complaint.

As part of the relief requested, relators, as taxpayers, seek to enjoin the District from contributing public funds to the Association. This is not only a matter of general public concern, but is of special interest to those citizens who pay the taxes. As taxpayers it is clear that relators have standing to question the legality of expenditures of public funds and to enjoin such expenditures if they are proved to be unconstitutional or without legal authority. They also have the right to question other acts of the District that are alleged to be beyond the scope of its powers.

Illustrative of the cases holding that taxpayers have sufficient special interest to maintain proceedings in the nature of *quo warranto* are *People ex rel. McCarthy v. Firek* (1955), 5 Ill. (2d) 317, 125 N.E. (2d) 637, which was primarily an action to oust directors of a sanitary district which had lost its franchise, and *State ex rel. White v. Barker* (1902), 116 Iowa 96, 89 N.W. 204. And, in Colorado it has been held that a resident elector has authority to challenge by *quo warranto* the right to hold public office. See *People ex rel. Barton v. Londoner* (1889), 13 Colo. 303, 22 Pac. 764.

In *American and English Annotated Cases,* Volume 28, 1913 C., at page 909, appears the following comment:

"A private citizen and taxpayer is undoubtedly interested in the duties required of public officials authorized to levy taxes or to expend the proceeds of taxation, and

has a standing to maintain quo warranto proceedings in a matter of public interest in which he has a special interest by reason of being a contributor to the public funds. Reg. vs. Briggs, 11 L.T.N.S. (Eng.) 372; Rex v. Davis, 1 M & R, 538, 17 E.C.L. 277; State v. Des Moines, 96 Ia. 521, 65 N.W. 818, 59 Am. St. Rep. 381, 31 L.R.A. 186; State v. Barker, 116 Ia. 96, 89 N.W. 204, 93 Am. St. Rep. 222, 57 L.R.A. 244; State v. Small, 131 Mo. App. 470, 109 S.W. 1079. * * * And a taxpayer may accordingly act as relator in quo warranto proceedings against one claiming to exercise a public office. *Colorado.*—Darrow v. People, 15 Colo. 557, 26 Pac. 135 * * * "

In *Colorado High School Activities Association v. Uncompahgre Broadcasting Co.* (1956), 134 Colo. 131, 300 P. (2d) 968, in which an attempt was made to accomplish the same results as relators here seek, this court had indicated that in a proper case *quo warranto* is a suitable method to test the validity of this Association's activities. In holding that relators there did not have standing to challenge the manner in which the defendant school district distributed its funds, the court stated as follows:

"SECOND QUESTION TO BE DETERMINED.

"May the plaintiffs in this action challenge the manner in which and to whom the District distributes its funds?

"This question is answered in the negative. If plaintiffs had desired to challenge the expenditure of public funds once properly received, they should have done so in a proper action with the proper parties. This action was not so brought. This is an action for a restraining order and injunction to prohibit the collection of a fee and of future fees and to enjoin alleged interference of defendants with the broadcasting of events without the payment of a fee. Plaintiffs did not bring the action as taxpayers, nor allege that they were taxpayers, nor did they bring it as a class action, nor did they join as defendants those other school districts whose contracts the

trial court declared unconstitutional and void. Nor was it an action to declare the contract between the two defendants invalid, nor to declare all contracts between the Association and the other districts invalid, nor to challenge the authority of this district or any other district to pay dues to the Association. No special injury was shown here. Declaratory judgments or actions in the nature of quo warranto are the approved methods of seeking to determine rights in such matters, but this is neither."

Even if we were to adopt the restrictive view of the complaint urged by the respondents and apparently accepted by the trial court, we would be constrained to hold that this complaint stated a proper claim in the nature of *quo warranto,* as may well be inferred from the language of the cases above quoted.

Relators' action is based upon Rule 106, R.C.P. Colo. 1953, which in pertinent part provides:

"(a) * * * In the following cases relief may be obtained by appropriate action or by an appropriate motion under practice prescribed in these rules:

* * *

"(3) When any person usurps, intrudes into, or unlawfully holds or exercises any office or franchise. * * *."

Fundamental, of course, to a determination that relators are entitled to maintain an action under this section is the existence or purported existence of an "office or franchise." It appears hardly debatable that no office can be deemed to exist in the instant case, since there has been no legislative act or constitutional provision authorizing the creation of one. Thus the question resolves itself into one as to whether the respondent Association purports to exercise a franchise unlawfully held or exercised.

Relators allege that the respondent Association was created by the high school districts of the state, among them the respondent The Montrose County High School

District, that the Association has its own constitution and by-laws and that it issues purportedly enforceable orders to its school district members. They further urge that it is thus apparent that the Association is acting as a public or quasi-public body and that there is no specific authority for such activities; that in so acting without grant of authority from the legislature, i.e., without a proper franchise, the Association is violating the Constitution and statutes of the State of Colorado. Further, it is urged that if it is not a public body, then schools in dealing with it and owning property with it are violating other constitutional provisions. They seek a determination of whether the Association may lawfully exercise such authority requiring the illegal use of public funds.

██ Although the briefs and our research fail to disclose any cases ruling upon the specific issue here presented, it is clear that a franchise is involved in a situation where public high school districts voluntarily join together to perform jointly a public function through a public or quasi-public body that is operating independently of statutory authority. Where, as here, it is alleged that the purpose of the challenged group is to render services to the public and that its operations are so permeated with the public interest as to be such that everyone may not engage therein as a matter of right, and that the exercise of such authority requires, or may require, a specific grant of privilege from the legislature, a franchise is involved and the relators must be held to have stated a cause of action relating thereto under Rule 106 (a) (3), supra.

Respondents further urge that even if a cause of action may be deemed to have been stated in the complaint, there was a failure to join necessary parties to the action. In this they are correct though for the wrong reason. In support of this contention it is urged that all other high school districts in the state *must be joined,* citing the language of *Colorado High School Activities*

*Assn. v. Uncompahgre Broadcasting Co.*, supra, to-wit: "Plaintiffs did not * * * join as defendants those other school districts whose contracts the trial court declared unconstitutional and void."

The history of this quoted language is that in the prior suit the trial court had entered a judgment against school districts which were not parties to the action. That it could not do. Just as here it could not enter judgment against parties not served or properly joined if a trial had been held.

In the instant case the relators captioned their suit as against "The Colorado High School Activities Association, An Unincorporated Association, and The Montrose County High School District, A Corporation," yet in their prayer they have asked "That respondent Association be ousted from command and control of the interschool activities of its member schools and each and every of the public senior high schools of Colorado, and especially from the said Montrose County High Schools."

Further they requested relief in that the Association should be enjoined from accepting money from the public schools of Colorado; that it return all money and property so received; that all of its contracts with all public schools be voided; all of which prayers were also made specific as to the Montrose District; and, that the Montrose District "be enjoined from submitting to the rules and regulations of respondent Association."

Relators did not bring this as a class action, nor did they name and serve as parties the other numerous school districts in the state. Obviously their cause of action must be limited to action against the captioned respondents who were named and served.

As we view it, relators' purpose by this action is to determine by what authority, if any, the respondents Colorado High School Activities Association is exercising its functions; secondarily, to have the respondent Association's contract with the respondent Montrose County High School District declared void if the Asso-

ciation be found to be functioning without a proper grant of legislative or other public authority. These objectives may be accomplished by their complaint even though their prayer requested relief to which they are not entitled.

When the writ of error was granted respondents moved that it be dismissed for alleged failure of relators to include a final judgment in the record, citing *Marzec v. Fremont County School District No. 2* (1957), 136 Colo. 250, 315 P. (2d) 987, as authority for their position. The motion was denied at the time without prejudice and has now been renewed.

█ Though it appears that *Marzec* could have been applicable to the facts presently before us, the only thing to be accomplished by applying it would be to further delay a trial of the matter. We could as in *Marzec* dismiss the writ of error "without prejudice to further appropriate proceedings in the trial court and this court." In other words, we could dismiss this writ without comment; the plaintiffs could go to the trial court and have the written judgment against them entered and then return here by a new writ of error to have us determine whether their complaint states a claim upon which relief may be granted. In view of the public importance of the matters in dispute and their indirect but real effect upon all the public schools of the state we have chosen to determine the sufficiency of the complaint at this time, and in view of what we have said we deem it to be adequate insofar as stating a claim. We point out that this is a different situation from one where an actual trial has been held and where no findings of fact or final judgment have been entered.

The cause is remanded to the trial court with directions to permit the relators to add such additional parties as they desire or deem necessary and for further proceedings consistent with the view herein expressed.

Cause remanded.

Upon separate petitions for rehearing being filed by

each of the defendants in error, this matter was further considered, the opinion modified, and as modified adhered to and the petitions for rehearing denied.

MR. JUSTICE HALL not participating.