**COLORADO LAND & RESOURCES, INC., and Robert R. Spencer, Plaintiffs–Appellants,**

v.

**CREDITHRIFT OF AMERICA, INC., and John B. Shattuck, individually and general partner of Adams Lake Company, a partnership, and Judith A. Kahle, Public Trustee of Adams County, Colorado, Defendants–Appellees.**

No. 87CA0554.

Colorado Court of Appeals, Div. I.

July 13, 1989.

Kenneth C. Groves and Philip A. Rouse, Jr., Denver, for plaintiffs-appellants.

John D. Watson & Associates, John D. Watson, Denver, and Pendleton & Sabian, P.C., Alan C. Friedberg and Timothy Sweeney, Denver, for defendant-appellee Credithrift of America, Inc.

Baker & Hostetler, James A. Clark, John B. Moorhead and Kathryn A. Nielson, Denver, for defendants-appellees John B. Shattuck and Adams Lake Co.

No Appearance for defendant-appellee Judith A. Kahle.

TURSI, Judge.

Plaintiffs, Colorado Land and Resources, Inc., and Robert R. Spencer, appeal the judgment entered by the trial court dismissing their claims against defendants John B. Shattuck, Adams Lake Company, and Credithrift of America, Inc., as assignee of Shattuck and Adams Lake. We affirm.

Plaintiffs purchased a property called Hidden Lake from the defendants. The property was transferred by special warranty deed and included rights to 1209 acre-feet of water. Plaintiffs subsequently conveyed their interest to Mayham Reservoir Corp., also using a special warranty deed.

After acquiring the Hidden Lake property, Mayham filed an action in the water court to quiet title. While that action was pending, plaintiffs initiated this action in which they requested that, if an adverse decree issued from the water court, defendants' sale of Hidden Lake be declared invalid for failure of consideration, negligent misrepresentation, and mutual mistake of fact.

The water court determined that a substantial portion of the water rights conveyed by defendants had been abandoned in the 1950's, some twenty-five years before the property came into defendants' possession. In accord with its findings, it entered a decree reducing the amount of water conveyed to 535 acre-feet and quieted title in Mayham.

In this action, the trial court dismissed plaintiffs' claims after finding that defendant had not breached the special warranty deed used to transfer ownership of the property. This appeal followed.

I

Initially, plaintiffs argue that the trial court improperly treated a motion *in limine* filed by the defendants as a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5). They also allege that the motion was untimely and that the trial court, therefore, committed error in ruling

on it. Under the totality of the circumstances here, we are not persuaded that error, if any, merits reversal.

In their motion, defendants requested that the trial court disallow any evidence that did not pertain to adverse claims of possession or title to Hidden Lake that arose by, through, or under defendants. As support for their motion, defendants argued that the legal effect of the special warranty deed delivered to plaintiffs rendered the challenged evidence irrelevant, and that a ruling in their favor would essentially dispose of plaintiffs' claims.

■ Regardless of whether plaintiffs have correctly argued that a motion *in limine* was inappropriate in this instance since trial was to the court, *see Good v. A.B. Chance Co.*, 39 Colo.App. 70, 565 P.2d 217 (1977), consideration of the merits of the motion were not precluded simply by virtue of its caption.

> "There is no controlling magic in the title, name, or description which a party litigant gives to his pleading. The substance rather than the name or denomination given a pleading is the yardstick for determining its character and sufficiency."

*People ex rel. Cory v. Colorado High School Activities Ass'n*, 141 Colo. 382, 349 P.2d 381 (1960), citing *Rubenstein v. U.S.*, 227 F.2d 638 (10th Cir.1955). Here, the legal consequences attaching to a special warranty deed as presented in defendants' motion are critical to the existence of plaintiffs' claims.

■ Plaintiffs further contend that they were not accorded sufficient time to respond as defendants' motion was filed only eight days before it was orally argued in a hearing before the court. A defendant may seek dismissal for failure to state a claim at any stage in the proceedings prior to the entry of judgment. *See* C.R.C.P. 12(h)(2). After a motion to dismiss is filed, plaintiff has fifteen days (or such lesser or greater time as the court may allow) in which to respond. C.R.C.P. 121 § 1-15.

■ At the hearing, the trial court granted defendants' request that the mo-

tion be reclassified as a motion to dismiss and indicated that it would probably rule in favor of defendants. However, the trial court declined to rule on the matter at that time and requested that the parties submit proposed orders. The court then set the case over for a subsequent hearing fifteen days later. Thus, plaintiffs were given a full fifteen-day period before the second hearing in which to respond. Consequently, we hold that the motion was adjudicated in timely fashion.

## II

The dispositive issue on appeal concerns the legal effect of the special warranty deed conveyed to plaintiffs. Plaintiffs contend that acceptance of the deed did not extinguish their claims for failure of consideration, mutual mistake of fact, and negligent misrepresentation. We disagree.

Prior to the motion in issue, defendants had moved for summary judgment citing various provisions of the parties' sale and purchase agreement. One provision of that agreement provided:

> "Purchaser acknowledges that it has made its own independent investigation of both the real property and water storage right to be conveyed to Purchaser ... and ... has made no reliance upon any representations, statements, warranties or other information as to value, size, usage, expenses, costs, charges, or in any other manner relating to either said real property and/or the water storage right as made by Seller...."

The trial court concluded that all of the provisions of the agreement including this provision had merged into the deed. We agree with that ruling.

■ Under the doctrine of merger, a deed delivered and accepted as complete performance of a contract for the sale of land merges all prior negotiations and agreements into the deed. *Reed v. Dudley*, 35 Colo.App. 420, 533 P.2d 507 (1975).

■ Inasmuch as plaintiffs disclaimed any reliance upon the defendants' representations regarding the extent of their interest in Hidden Lake, and consonant there-

with bargained for and accepted a special warranty deed, there is no mutually relied upon failure to convey as agreed to by the parties. Therefore, the trial court correctly determined that there were no grounds for finding a material question of fact as to the existence of a mutual mistake of fact between the parties. *See Dennett v. Mt. Harvard Development Co.*, 43 Colo.App. 422, 604 P.2d 699 (1979). *See also* Restatement (Second) of Contracts, § 154, comment b (1981). Hence, having received the type of deed agreed upon and into which the terms and conditions of the contract merged, plaintiffs have no claim for relief unless the deed itself was breached by defendants.

■ A special warranty deed covenants against defects in title which arise by, through, or under the actions of the grantor. Under this limited warranty, the grantor is not liable for defects based on events which occurred while the property was in the hands of a prior title holder. Section 38–30–115, C.R.S. (1982 Repl.Vol. 16A), 6A R. Powell, *The Law of Real Property* ¶ 897[1][b] at 81A–28 (1988).

Here, all factual issues were resolved by the water court's decree that the water rights in issue had been abandoned prior to defendants' ownership of the property. Therefore, as there is no genuine issue of material fact present, this action was properly dismissed as a matter of law. *See* C.R.C.P. 12(b) and C.R.C.P. 56(h).

Judgment affirmed.

HUME and RULAND, JJ., concur.