**OKLAHOMA BROADCASTERS ASSOCIATION a/k/a Oklahoma Association of Broadcasters, Inc., an Oklahoma corporation; Griffin Television, Inc., an Oklahoma corporation; and Gentry Broadcasting, Inc., an Oklahoma corporation, Appellees,**

v.

**The OKLAHOMA TAX COMMISSION, Appellant.**

No. 65983.

Supreme Court of Oklahoma.

March 27, 1990.

Roy J. Davis and Gretchen A. Harris, Andrews, Davis, Legg, Bixler, Milsten and Murrah, Oklahoma City, for appellees.

J. Lawrence Blankenship, Gen. Counsel and Donna E. Cox, First Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellant.

LAVENDER, Justice:

The question presented is whether a·tax structure that exempts some but not all "members" of the press from use and sale taxes impermissibly burdens rights protected by the First and Fourteenth Amendments to the United States Constitution. We answer affirmatively.

I.

Appellees initiated the present action in the District Court of Oklahoma County

seeking a declaratory judgment as to the constitutionality of certain provisions of the Oklahoma Sales Tax Code. Appellees in this case consist of: the Oklahoma Broadcasters Association, membership of which consists of various corporations and partnerships licensed to and engaged in the business of television or radio broadcasting; Griffin Television Inc., an Oklahoma corporation engaged in television broadcasting as KWTV; and Gentry Broadcasting, Inc., an Oklahoma corporation engaged in radio broadcasting as KGVE.

Appellees' challenges were brought based on three statutory provisions. The first challenge was brought against 68 O.S. 1981, § 1354(R), which provides:

> There is hereby levied upon all sales, not otherwise exempted in this article, an excise tax of two percent (2%) of the gross receipts or gross proceeds of each sale of the following:
>
> . . . .
>
> (R) Any licensing agreement, rental, lease or other device or instrument whereby rights to possess or exhibit motion pictures or filmed performances or rights to receive images, pictures or performances for telecast by any method are transferred. Provided, persons, regularly engaged in the business of exhibiting motion pictures for which the sale of tickets or admissions is taxed under this article shall not be deemed to be consumers or users in respect to the licensing or exhibiting of copyrighted motion picture features, shorts, cartoons and scenes from copyrighted features and the sale or licensing of such films shall not be considered a sale within the purview of this article;

Appellees challenged this provision on grounds that it violated the First and Fourteenth Amendments of the United States Constitution as a tax on information. Ap-

pellees also challenged the provision on the ground that it violated the equal protection provisions of the Fourteenth Amendment because comparable licensing agreements entered into by newspapers and radio broadcasters were not taxed.

The second challenge was brought against 68 O.S.1971, § 1304(i), which provided for the imposition of a two percent sales tax on gross receipts of sales of:

> Advertising of all kinds, types and characters, including any and all devices used for advertising purposes and the servicing of any advertising devices.

Appellees' challenge to this provision was on the basis that it was a denial of equal protection in violation of the Fourteenth Amendment because 68 O.S.1971, § 1305(n) [1] provided an exemption for the:

> Sale of advertising space in newspapers and periodicals and billboard advertising service.

The third challenge brought by appellees was founded on both First Amendment and equal protection arguments, and was directed against the application of the two percent sales tax provided for by 68 O.S. 1981, § 1354(A) as applied to purchases of broadcasting equipment used by appellees. The equal protection argument urged by appellees was addressed to 68 O.S.1981, § 1359(C) which provides:

> There are hereby specifically exempted from the tax levied by this article:
>
> Sale of machinery and equipment purchased and used by persons establishing new manufacturing plants in Oklahoma, and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma. This exemption shall not apply unless such machinery and equipment is incorporated into, and is directly used in, the process of manufacturing property subject to taxation under this

---

**1.** This provision was amended to extend the exemption to advertising through the broadcast media by 1980 Okla.Sess.Laws, Ch. 288 § 2. Appellees argue that, even though no taxes were collected on advertising sales made by appellees

prior to 1980, the issue should not be moot because appellant Tax Commission is not prohibited in the future from attempting to collect taxes accrued under the provision prior to 1980.

article. The term "manufacturing plants" shall mean those establishments primarily engaged in manufacturing or processing operations, and generally recognized as such;

Section 1359(C) as applied by Appellant Tax Commission exempted purchases of equipment and materials used in the production of newspapers but did not exempt equipment and materials used in the transmission of appellees' broadcasts.

This matter was submitted to the trial court on trial briefs and with a stipulated record consisting of the transcript of an evidentiary hearing held in federal court,[2] and various exhibits. The trial court entered judgment for appellees finding the taxing provisions on all three challenges to be unconstitutional on *both* First and Fourteenth Amendment grounds. Appellant Tax Commission has brought the present appeal from that judgment.

## II.

The trial court in rendering its judgment found that radio, television and print media were all the same trade or profession, i.e. "publishing" industry. The court held that because the challenged exemptions favored one member of the "publishing" industry over another, without a demonstrated compelling need by the government to justify such legislation, the court found First and Fourteenth Amendment violations as to all three challenged provisions.

In reaching this result, the trial court relied on *Minneapolis Star and Tribune Co. v. Minnesota Commission of Revenue.*[3] In that case the United States Supreme Court examined a use tax placed on the cost of paper and ink used in the production of publications. The tax however, only applied to a certain segment of the press which used an amount of paper and ink in excess of $100,000 in value. Because the tax singled out the press for imposition of this tax, and, moreover, because the tax differentiated between members of the press, the Court found First Amendment implications.[4]

When the State singles out the press, though, the political constraints that prevent a legislature from passing crippling taxes of general applicability are weakened, and the threat of burdensome taxes becomes acute. That threat can operate as effectively as a censor to check critical comment by the press, undercutting the basic assumption of our political system that the press will often serve as an important restraint on government.

*Minneapolis Star & Tribune,* 460 U.S. at 575, 103 S.Ct. at 1366. Therefore, the Court held that unless the state could provide a compelling interest for the differential treatment of the press, the taxation would fail.[5] As the only justification for the tax offered by the state of Minnesota was the raising of revenue, the Court found the challenged tax to be unconstitutional.[6]

Recently, this court in *Dow Jones & Co., Inc. v. The State of Oklahoma ex rel. Oklahoma Tax Commission,*[7] reviewed 68 O.S.1981, § 1357(C). This section created an exemption for those publications costing less than seventy-five cents. The exemption resulted in differential treatment of the press since those publications costing more than seventy-five cents were not ex-

---

**2.** Appellees submit in brief on appeal that the present action was initiated in federal court under the tax injunction act, 28 U.S.C. § 1341. However, after evidentiary hearings were held in that forum, the court held that the jurisdictional requirements of the tax injunction act were not satisfied and dismissed the action. Appellees then brought the declaratory judgment action in the state court forum.

**3.** 460 U.S. 575, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983).

**4.** *Id.* at 592, 103 S.Ct. at 1375.

**5.** *Id.*

**6.** *Id.* at 577, 103 S.Ct. at 1367.

**7.** 787 P.2d 843 (Okla.1990).

empt. This court, according to doctrine set forth in *Minneapolis Star* and *Arkansas Writers' Project, Inc. v. Ragland,*[8] held the tax scheme unconstitutional as violative of the First Amendment. "[A]n exaction that *either* singles out the press *or* targets some but not all publishers or publications raises First Amendment concerns."[9] In the present case, it is the same tax scheme of *Dow Jones,* albeit different exemptions, that Appellees are challenging.

### III.

██ These exemptions are part of the Oklahoma Sales Tax Code. The intent of the Code is to tax the sale of tangible personal property and sale of services not otherwise exempt.[10] The Tax Commission contends that the tax scheme is general in nature and applies to all businesses. However, the "tax cannot be characterized as nondiscriminatory, because it is not evenly applied...."[11] The exemptions selectively tax certain members of the press. "[D]ifferential treatment, unless justified by some special characteristic of the press, suggests that the goal of the regulation is not unrelated to supression of expression, and such a goal is *presumptively unconstitutional.*"[12]

In the present case, the exemptions are favoring the print media over the broadcasting media. Appellants argue that neither the statutes nor the constitution recognize a "publishing" classification and therefore the legislative classification for taxation purposes is a reasonable basis for such differential tax exemptions. However, this argument misses the mark. Both *Minneapolis Star* and *Ragland* found *First Amendment* violations resulting from a differential tax scheme between different members of the press. Though both *cases* admittedly dealt with differential treatment among members of the *print* media, there is nothing to suggest that this court should, without sufficient justification, approve preferential treatment of the print media over the broadcast media, where both are members of the press. The First Amendment guarantees freedom of the press—not just the *printed* press.

### IV.

These exemptions have resulted in differential treatment and are therefore subject to constitutional review.[13] The test is whether the State can justify such differential treatment with a "counterbalancing interest of compelling importance that it cannot achieve without differential taxation."[14]

The Tax Commission has offered no "compelling" reason for the differential treatment. The Commission purports that uniformity in the imposition of the tax as a consumer tax would justify the different exemptions. However, while this might satisfy, as Appellant Tax Commission urge, an equal protection review, no argument was made as to whether such justification would survive strict scrutiny. Therefore, the tax and exemption must fail since the Tax Commission has not met its burden.

██ Specifically, the trial court in this case found that 68 O.S.1981, § 1354(R), was a denial of First and Fourteenth Amendment protection of television broadcasters. The parties, in the evidentiary hearing held in federal court, established that both radio broadcasters and newspapers engage in comparable licensing agreements whereby they receive the right to

---

**8.** 481 U.S. 221, 107 S.Ct. 1722, 95 L.Ed.2d 209 (1987).

**9.** 787 P.2d at 846, (emphasis added).

**10.** 68 O.S.1981, § 1351.

**11.** *Ragland,* 481 U.S. at 221, 107 S.Ct. at 1722.

**12.** *Minneapolis Star,* 460 U.S. at 585, 103 S.Ct. at 1371 (emphasis added).

**13.** *Ragland,* 481 U.S. at 232, 107 S.Ct. at 1729.

**14.** *Minneapolis Star,* 460 U.S. at 585, 103 S.Ct. at 1371.

broadcast or publish live and taped performances, written materials, or photographic images.

The only perceived difference between the various agreements is the manner in which material, subject to the agreements, is finally presented by the licensee. While Appellant Tax Commission argues that there is a difference with regard to newspapers, in that the sale of the newspaper in which the material is merged is itself subject to sales taxation, no attempt was made to differentiate the broadcast of licensed materials by use of radio, also exempt, from television broadcasts, which was not. Again, we find no compelling reason put forth by Appellant Tax Commission to justify the differential tax burden and therefore the tax scheme must fail.

■ The trial court also found the imposition of the Oklahoma Sales Tax on sales of advertising by television and radio broadcasters under 68 O.S.1971, § 1304(i), while exempting such sales by newspapers and periodicals under 68 O.S.1971, § 1305(n) to violate First and Fourteenth Amendment guarantees. Appellant Tax Commission's argument in response to the trial court's ruling is that this result is permissible because the broadcasting media has been subject to a higher degree of regulation than printed materials. We find no merit to this argument. The cases cited to by Appellant Tax Commission deal with *regulation* of the broadcast industry in that broadcast wavelengths represent a limited resource.[15] No analogy can be drawn to the present challenge.

At issue here is the sale of a service—advertising to a consumer. As stated, it is the expressed intent of the Legislature that the Oklahoma Sales Tax be imposed upon the sale of services unless exempt.[16] Here the sale of the service by Appellees as broadcasters is taxed, but the sale of the same service by a newspaper is exempt. There appears to be no discernible difference between the two situations, and so this tax treatment must also fail.

■ Appellant Tax Commission further contends that because the exemption has now been amended, this court cannot declare a prior law unconstitutional. However, as the trial court correctly determined, the Tax Commission could still collect the unpaid taxes for the years when no exemption existed. For this reason, this court must decide the constitutionality of the tax structure.

■ Finally, the trial court ruled that 68 O.S.1981, § 1359(C), as applied by Appellant Tax Commission, under which broadcasting equipment purchased by Appellees was not exempt from taxation, while printing equipment purchased by a newspaper was exempt, was a denial of both the First and Fourteenth Amendment. On appeal, Appellant argues that the print media are covered by the "manufacturer's exemption" while broadcast media are not because the print media produces a tangible product, subject to the Oklahoma Sales Tax, while the broadcast media does not. The Commission argues that this is a *reasonable basis* for the differential taxation. However, as noted before the test is *strict scrutiny* and therefore, Appellant has again failed to meet its burden. For this reason, we affirm as well, the trial court's holding, on both First and Fourteenth Amendment grounds, that the tax structure is unconstitutional.

V.

Our holding affirms that both the tax and the challenged exemptions must fail. The Legislature can at any time modify the tax code so as to alleviate such constitutional infirmities. Nothing in this holding

15. E.g. *F.C.C. v. League of Women Voters*, 468 U.S. 364, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984); *Columbia Broadcasting System v. Democratic National Committee*, 412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772 (1973); *Red Lion Broadcasting Co. v. F.C.C.*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

16. 68 O.S.1981, § 1351.

prohibits economic regulation of the press where it does not create a differential tax burden or, if differential tax treatment, where such treatment is the result of "some special characteristic of the press." However, neither situation is presently before this court.

AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.