1998 OK CIV APP 40

1998 OK CIV APP 40

**OKLAHOMA SPORTS PROPERTIES, INC., Plaintiff/Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT # 11 OF TULSA COUNTY, OKLAHOMA, Defendant/Appellee.**

**No. 88408.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 13, 1998.

---

Leslie A. Ellis Kissinger, Claremore, for Appellant.

J. Douglas Mann, Jerry A. Richardson, Rosenstein, Fist & Ringold, Tulsa, for Appellee.

JOPLIN, Judge:

¶1 Plaintiff/Appellant Oklahoma Sports Properties, Inc. ("OSPI") seeks review of the trial court's order denying injunctive relief in OSPI's action to restrain and enjoin Defendant/Appellee Independent School District No. 11 of Tulsa County, Oklahoma ("ISD," used synonymously with "Owasso High School") from charging and collecting a broadcast rights fee for the right to broadcast a local high school football game. Herein, OSPI asserts (1) ISD lacks express or implied authority to charge and collect such a broadcast rights fee, and (2) ISD's levy and collection of such a broadcast rights fee infringes upon OSPI's rights and privileges granted under the First and Fourteenth Amendments to the United States Constitution. However, inasmuch as we find the levy and collection of a broadcast rights fee within the implied powers of ISD and no constitutional violations as alleged, we hold the order of the trial court should be affirmed.

¶2 OSPI sought to broadcast a live, play-by-play radio account of the football game between Muskogee High School and Owasso High School to be played October 4, 1996 at the Owasso High School stadium. Sometime prior to game day, ISD demanded payment of a $200 broadcast rights fee for the right to broadcast the game. OSPI then commenced the instant action, seeking to enjoin and restrain ISD from the levy and collection of the broadcast rights fee. At hearing on October 1, ISD presented evidence to the effect that the rules of the Frontier Conference of which Owasso High School was a member permitted the levy and collection of a $200 broadcast rights fee for the right to broadcast a game by radio, and argued that ISD possessed the implied authority under Oklahoma law to assess and collect such a fee. OSPI

argued that ISD had neither the express nor implied authority under Oklahoma law or otherwise to collect a broadcast rights fee, and that the levy of such a fee infringed upon OSPI's First and Fourteenth Amendment rights.

¶ 3 Upon consideration of the evidence and argument of the parties, the trial court denied OSPI's requested injunctive relief, holding that the collection of a broadcast rights fee to be within the implied powers of ISD, not violative of constitutional guarantees. OSPI then paid the broadcast rights fee "under protest," and initiated the present appeal.

■ ¶ 4 OSPI first challenges ISD's legal authority to assess and collect a broadcast rights fee. In this particular, Oklahoma statutes grant the various independent school districts of this state various powers to acquire, build, maintain and control property (including gymnasiums, stadiums and playgrounds) of the district, as well as the power to promulgate rules therefor. 70 O.S. § 5-117. The independent school districts of this state also possess those powers implied in or necessarily incidental to the exercise of the express powers granted by statute:

> The school board has and can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation.

*Board of Education of Oklahoma City v. Cloudman,* 185 Okla. 400, 92 P.2d 837, 841 (1939); *Carlyle v. Independent School Dist. No. I-71 of McCurtain County,* 1991 OK CIV APP 18, 811 P.2d 618, 620. Although we find no Oklahoma precedent expressly addressing the specific powers of independent school districts to charge broadcast rights fees, certainly our state centers of higher education possess such a power as within their implied or incidental powers. *National Collegiate Athletic Association v. Board of Regents of the University of Oklahoma,* 468 U.S. 85, 104 S.Ct. 2948, 82 L.Ed.2d 70 (1984); *Board of Regents of the University of Oklahoma v. National Collegiate Athletic Association,* 601 F.Supp. 307

(W.D.Okla.1984). And, at least one other jurisdiction has recognized such a power as within the implied or incidental powers of a high school. *See, Colorado High School Activities Association v. Uncompahgre Broadcasting Co.,* 134 Colo. 131, 300 P.2d 968 (1956). We are persuaded by the holdings in these cases, and hold that the independent school districts of this state have the implied power to charge and collect broadcast rights fees as incidental to the powers expressly granted by statute.

■ ¶ 5 OSPI next asserts the imposition of a broadcast rights fee infringes upon the rights guaranteed under the First and Fourteenth Amendment to the United States Constitution, arguing that the charging of fees to broadcast news gatherers, such as OSPI, without commensurate charging of fees to other news gatherers, such as the print media, unfairly and impermissibly differentiates between the types of news gatherers in general, contrary to constitutional protections. *See, e.g., Oklahoma Broadcasters Association v. Oklahoma Tax Commission,* 1990 OK 30, 789 P.2d 1312 ("[D]ifferential treatment, unless justified by some special characteristic of the press, suggests that the goal of the regulation is not unrelated to suppression of expression, and such a goal is presumptively unconstitutional.") However, we find *Oklahoma Broadcasters Association* distinguishable as proscribing *only* the different *governmental tax* treatment of various members of the press without valid reason therefor. In the present case, we are presented with no differentiated *governmental tax* treatment of the various news media. Rather, we are presented with the independent school district, acting in a *proprietary,* not *governmental,* matter, over which the constitution does not proscribe different treatment of the various news media. *See, Post Newsweek Stations–Connecticut, Inc. v. Travelers Insurance Co.,* 510 F.Supp. 81 (D.C.Conn.1981); *KTSP–TAFT Television and Radio v. Arizona State Lottery Comm'n,* 646 F.Supp. 300 (D.C.Ariz.1986), appeal dismissed, 827 F.2d 772 (9th Cir.1987). We therefore find no constitutional infringement as alleged.

■ ¶ 6 "The rules governing appellate review in regard to injunctive relief are well

settled. The award of a[n] ... injunction is a matter of equitable concern. (Citation omitted.) Granting or denying injunctive relief is generally within the sound discretion of the trial court and a judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the lower court has abused its discretion or the decision is clearly against the weight of the evidence." *Sharp v. 251st Street Landfill, Inc.*, 1996 OK 109, ¶4, 925 P.2d 546, 549. We have reviewed the evidence in this matter, and find the trial court's judgment neither affected by an abuse of discretion nor against the clear weight of the evidence. Further finding the trial court's judgment free of legal error, we hold the order of the trial court should be and hereby is AFFIRMED.

CARL B. JONES, V.C.J., concurs.

GARRETT, Judge, concurs in result:

I concur with this decision, except for the reference to "proprietary not governmental" matter. In my view this has no probative value in this case.