No. 21448.

PEARL L. FALLS, ETC. *v.* REUEL LAHMER, ET AL.
(404 P.2d 542)

Decided July 6, 1965.     Rehearing denied August 30, 1965.

522

GEORGE M. GIBSON, for plaintiff in error.

G. ROBERT WARD, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE parties are before us in the reverse order of their appearance in the trial court. We will refer to plaintiff in error as defendant or by name, and to defendants in error as plaintiffs or by name.

The action was filed on May 7, 1963, and was for specific performance of a contract for the purchase of real property. It was executed between the parties on October 5, 1949. The property was described in the contract as follows:

"That portion of Block K in Red Top Re-Subdivision, El Paso County, Colorado, Described as follows: All of lots 40 and 42 in Block K in said Red Top Re-Subdivision, except that portion of said lots 40 and 42 conveyed by Warranty Deed recorded in Book 1158 at Page 88 of the records of El Paso County, Colorado, and that portion of lot 38 in said Block K. lying Southerly and Easterly from said tract so conveyed by said Warranty Deed, together with a right of way over and across that portion of lots 36 and 38 of said Block K. not conveyed by said Warranty Deed so recorded as aforesaid, for a pipe line as the same now exists for the service of the lands and premises being sold hereunder."

It was alleged in the complaint that, subsequent to the execution of the original contract and prior to the payment by plaintiffs of the full purchase price, they negotiated a sale of certain parts of the land described in the contract. On May 2, 1952, plaintiffs and defendant entered into a supplemental agreement in which defendant became obligated to convey to plaintiffs those particular portions of land so sold. Defendant also agreed to convey any additional parts of the property which plaintiffs might subsequently sell. Further, it was alleged that on or about November 12, 1952, plaintiffs paid the balance due on the entire tract purchased, and received from defendant a deed which was intended to convey to them the remainder of the real property not theretofore sold. However, the deed failed to include in the property conveyed the parcel of land in dispute, which fact was unknown to the plaintiffs at the time delivery of the deed was made.

Plaintiffs further alleged that:

"It was the intention of the plaintiffs by said final payment and conveyance that there should be conveyed to plaintiffs all the remainder of the property agreed to be purchased by them from said defendant under their agreement of October 3, 1949, including said omitted portion thereof; that said intention was known to said defendant; that the failure to include the omitted portion of said real property was due to a mistake on the part of the scrivener who prepared the deed; that said mistake was not known to plaintiffs at the time said deed was prepared and delivered; that said mistake on the part of the scrivener was known to or suspected by said defendant at the time of the execution and delivery of said deed, or thereafter discovered, but defendant intentionally and fraudently [sic] concealed said fact from plaintiffs; that plaintiffs would not have made said final payment had they not believed that said deed included the entire property purchased from said defendant, and

that said deed does not reflect the intention of the parties."

The defendant, by way of answer, admits the consummation of the contract of sale on November 12, 1952, but denies the various intents as alleged by the plaintiffs. She alleges, however, "That upon the completion of said transaction, the contract was merged into the Warranty Deeds, and the contract was fully performed, and no part thereof remains unperformed." The defendant admits that on February 24, 1958, the plaintiffs requested a further conveyance of the property and that defendant did not comply with that request. For further and separate defenses to the complaint the defendants pleaded various statutes of limitations and laches.

The trial court found the issues in favor of the plaintiffs and entered judgment requiring the defendant to specifically perform the contract and to convey to the plaintiffs the property in dispute.

Counsel for defendant bases his argument for reversal of the judgment on two points which were summarized from his motion for a new trial, as follows:

"(3) That the evidence discloses the contract was consummated on November 12, 1952, by the execution and delivery from plaintiff in error to defendants in error of the last of a series of four warranty deeds, and by the payment by defendants in error to plaintiff in error of the balance of the consideration due, and thereby, the contract was merged in the deed and was fully discharged; and

"(4) The evidence shows that the case is barred by laches. Defendants in error delayed over eleven years in commencing the action, delayed twelve years from November 12, 1952, in serving the plaintiff in error, and the property increased in value considerably between these two dates. The law requires a finding of laches."

We hold that there is ample evidence to support the judgment of the trial court. It appears that there was some special negotiation over the disputed tract at

the time the original contract was entered into in 1949, and that it was consciously and knowingly made a part of the land covered by the contract. There is no evidence that the plaintiffs ever intended to settle for less than that which they had contracted to purchase, and for which they paid in full. We further hold that the action to compel compliance by the defendant was brought within a reasonable time after the plaintiffs discovered that they had not received the title to all the land which was specifically described in the contract of 1949, and which had been referred to and reaffirmed by the parties in the supplemental contract of May 2, 1952.

Under the findings of the trial court, which are abundantly supported by the evidence, there was no "merger" of the contract in the last deed executed by the defendant. The authorities cited by counsel for the defendant are clearly distinguishable upon the facts.

The trial court committed no error in entering the judgment and it accordingly is affirmed.