533 P.2d 507 (1975)
John J. REED, Plaintiff-Appellant,
v.
Robert E. DUDLEY and Stephen E. Dudley, Defendants-Appellees.
No. 74-255.
Colorado Court of Appeals, Div. III.
March 18, 1975.
Fleming, Pattridge, Hacking & Gardner, Conrad E. Gardner, Golden, for plaintiff-appellant.
Gorsuch, Kirgis, Campbell, Walker & Grover, Robert E. Warren, Jr., Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
Plaintiff John J. Reed appeals from a judgment of the trial court dismissing Robert Dudley as a party defendant. We affirm.
Robert Dudley, on June 6, 1969, executed a receipt and option contract, agreeing to convey to Reed certain real estate "together with the right to usage of the lake frontage and the lake adjoining said property." In strict accord with the provisions of the receipt and option, a warranty deed conveying the property to Reed, together *508 with the right to use of the lake frontage and the lake adjoining the property, was executed and delivered. However, the deed was executed by Stephen Dudley, who is Robert Dudley's son and the record owner of the property. Reed was notified several days before closing that Stephen Dudley would execute the warranty deed as grantor, and it was Reed who thereupon prepared a deed for Stephen Dudley's signature.
Subsequently, a dispute arose as to whether Stephen Dudley had the right to usage of the lake frontage and the lake itself. Reed then filed suit against Stephen Dudley based upon breach of the warranty provisions in the deed and against Robert Dudley for damages based upon breach of the receipt and option contract provisions. The warranty provisions in the deed and the provisions in the contract relating to lake front and lake usage are substantially identical.
The trial court found in its order of dismissal that Stephen Dudley executed a warranty deed purporting to convey the same real estate and lake rights to Reed as were contemplated under the contract. The trial court then concluded that, as a matter of law, the contract merged into the subsequent deed and that, therefore, the claims against Robert Dudley, based upon the contract, should be dismissed.
The primary issue presented for review is whether a vendor under a contract for the sale of land is discharged from further liability where the purchaser accepts the deed of a third person as full and complete performance of the contract.
A deed delivered and accepted as performance of a prior receipt and option contract for the sale of land merges all prior negotiations and agreements into the deed. Though the terms of the deed may vary somewhat from those contained in the contract, the deed is determinative of the rights of the parties. Enos v. Anderson, 40 Colo. 395, 93 P. 475; and see generally Annot., 38 A.L.R.2d 1310. This rule of merger is applicable to the situation where a vendee in a purchase and sale contract unconditionally accepts a deed from a third person. Such an acceptance discharges the vendor from further liability and the purchaser thereafter must rely on the deed. Slocum v. Bracy, 55 Minn. 249, 56 N.W. 826; Smith v. White, 75 Ga.App. 303, 43 S.E.2d 275; see Kenison v. Baldwin, 351 P.2d 307, 2 A.L.R.3d 614 (Okl.); 55 Am.Jur. Vendor and Purchaser § 332; 26 C.J.S. Deeds § 91c.
Here, the evidence clearly demonstrates that Reed knew that the grantor of the deed would be Stephen Dudley, and in fact, Reed's counsel drew up the deed which was executed at the closing by Stephen. Under these circumstances, Reed can only base his suit upon the covenants in the deed, and thus, the trial court's dismissal of Robert Dudley as a party defendant was proper.
Citing Falls v. Lahmer, 157 Colo. 521, 404 P.2d 542, Reed argues that the doctrine of merger cannot apply where the deed constitutes only part performance of the preceding contract, and that the unperformed provisions of the contract do not merge into the deed. While we recognize such a rule, it is not applicable to the instant case. Here, the deed purported to convey exactly the same rights as the contract and thereby constituted, within its terms, full performance of the contract. Merely because the grantor may not, in fact, own the rights he purports to convey, the merger of the contract into the deed still occurs where the terms of each are the same.
We have examined Reed's other arguments urging the inapplicability of the doctrine of merger, and, in light of the foregoing, find them to be without merit.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.