The PEOPLE of the State of Colorado ex rel. J. D. MacFARLANE, Attorney General, Plaintiff-Appellant,

v.

A DELAWARE CORPORATION, (Name suppressed by trial court), Defendant-Appellee.

No. 80CA0349.

Colorado Court of Appeals, Div. I.

Sept. 4, 1980.

Rehearing Denied Oct. 2, 1980.

Certiorari Denied April 20, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Garth C. Lucero, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Schaefer and Associates, Ltd., P. C., Michael C. Schaefer, Denver, for defendant-appellee.

PIERCE, Judge.

The Attorney General filed a complaint against this defendant alleging several violations of the Colorado Consumer Protection Act § 6–1–101, et seq., C.R.S. 1973. Thereafter, the parties entered into a consent decree agreement under the provisions of § 6–1–110(2), C.R.S. 1973 (1979 Cum. Supp.). In the consent decree the parties agreed to the entry of the consent decree without trial or adjudication of any matters of fact or law, and they further agreed that the decree did not constitute an admission to any issue of fact or law. The defendant specifically denied that it was engaged in any violation of the Colorado Consumer Protection Act.

The decree enjoined defendant from engaging in certain conduct and stated that defendant would pay certain sums of money to several individuals, and that the individuals would have the option of either accepting those sums of money and foregoing any further action against defendant in a pending federal lawsuit covering the same subject matter, or the individuals could reject the offered payment and proceed with a federal lawsuit.

The parties could not agree as to whether the Colorado Consumer Protection Act allows the complaint and the consent decree in this action to be sealed and not available for public inspection. Therefore, they agreed that:

"The Attorney General will refrain from filing with the Court the Complaint and Consent Decree in this action for a period of fifteen days from the execution of this Consent Decree. During said fifteen day period the Defendants may file a motion with the District Court . . . seeking as relief the sealing of the Complaint and Consent Decree."

The defendant did file a motion within the fifteen day period and the complaint and consent decree were submitted for consideration by the court.

The trial court heard the motion and granted the protective order and suppressed all documents of any nature relating to the action. The consent decree was approved and made an order of the court, subject to the continuing jurisdiction of the court to enforce the provisions of the consent decree for a certain period of time. The Attorney General then moved to alter and amend the judgment or, for a new trial, under the provisions of C.R.C.P. 59.

## I.

The principal issue here is whether the court had authority, either by statute or rule, to suppress the pleadings in this action. Section 6–1–110(2), C.R.S. 1973 (1979 Cum.Supp.), states in pertinent part as follows:

"Where the attorney general . . . has authority to institute a civil action or other proceeding pursuant to the provisions of this article, he may accept, in lieu thereof or as a part thereof, an assurance of discontinuance of any deceptive trade practice listed in section 6–1–105 . . . Any such assurance of discontinuance accepted by the attorney general . . . and any such stipulation filed with the court as a part of any such action or proceeding shall be confidential to the parties to the action or proceedings and to the court and its employees; but, upon final judgment by the court that a[n] . . . injunc-

tion obtained pursuant to subsection (1) of this section has been violated, or an assurance of discontinuance accepted pursuant to this subsection (2) has been violated . . . or a person has engaged in the same deceptive trade practice which he previously had agreed to discontinue by acceptance of an assurance of discontinuance under this subsection (2), said assurance of discontinuance or stipulation shall thereupon be deemed a public record and open to inspection by any person. . . . "

██ We interpret this section to vest in the trial court the power to suppress these proceedings and to keep the suppression in force until such time as the conditions set forth in the consent decree may be violated by the defendant.

Having interpreted the statute in this manner, we need not treat the issue as to whether C.R.C.P. 42(c) might also have been the basis for the trial court's action.

## II.

The People further contend that even though the trial court might have authority to suppress the record in this case, it abused its discretion in this instance because the proper procedure was not followed and because certain burdens of proof were not met at the hearing on the motion.

██ A hearing was held but, as agreed to by the Attorney General, no transcription was made of those proceedings. Under these circumstances, the People have waived any objections they may have had with the procedure that was followed; and, in the absence of an affirmative showing of error, we may not presume that the trial court erred in following this procedure. *Nelson v. Centennial Casualty Co.*, 130 Colo. 66, 273 P.2d 121 (1954).

██ The People maintain, however, that after the hearing was held, the trial court was bound by C.R.C.P. 52 to make formal findings of fact and conclusions of law. Under the circumstances of this case, the requirement for detailed findings and conclusions was obviated by C.R.C.P. 52(a),

which provides, in part, that: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 *or any other motion* except as provided in Rule 41(b)." (emphasis added) This not being a motion included under C.R.C.P. 41(b), the court's summary conclusion granting the relief "based on the grounds set forth in the Motion" was proper.

## III.

██ Finally, the People assert error in the trial court's striking of their motion for a new trial on the ground that it was not timely filed. The motion was actually filed within the time limits expressed in C.R.C.P. 59(d). However, a Rule 59 motion was unnecessary here because the trial court's decision involved matters of law as opposed to controverted issues of fact. C.R.C.P. 59(h). Hence, where the notice of appeal was timely filed, the trial court's action in striking the motion did not preclude the bringing of this appeal, and the People have not demonstrated that this action is other than harmless error, *i. e.*, there was no showing that their substantial rights were thereby prejudiced. *See Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552 (1963).

Under these circumstances, any error which may have occurred with respect to the motion was inconsequential. *Colorado Civil Rights Commission v. Colorado*, 30 Colo.App. 10, 488 P.2d 83 (1971).

Judgment affirmed.

COYTE and RULAND, JJ., concur.