Warner LASHER and Shirley Lasher,
Plaintiffs–Appellants,

v.

Larry J. PAXTON, Defendant–Appellee.

No. 97CA1000.

Colorado Court of Appeals,
Div. III.

March 5, 1998.

Rehearing Denied April 9, 1998.

Winston & Liston, P.C., Joseph R. Winston, Mary Ann Liston, Colorado Springs, for Plaintiffs–Appellants.

Mulliken, Gleason & Weiner, P.C., Murray I. Weiner, Mary M. Kominek, Colorado Springs, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this breach of contract action concerning the sale of a residence, plaintiffs, Warner and Shirley Lasher, appeal the trial court's orders denying their request for attorney fees and granting certain costs to defendant, Larry J. Paxton. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs sold a house to defendant. The sales contract required defendant to assume and pay a pre-existing mortgage. The sales contract also provided the following:

17. Time is of the essence hereof. If any note or check received as earnest money hereunder or other payment due hereunder is not paid, honored, or tendered when due, or if any other obligation hereunder is not performed as herein provided, there shall be the following remedies:

. . . .

(c) Anything to the contrary herein notwithstanding, in the event of any litigation arising out of this contract, the court may award to the prevailing party all reasonable costs and expenses, including attorney fees.

Ultimately, the trial court found that defendant had breached the sales contract because he had failed to make payment on the mortgage, thus precipitating a foreclosure. However, in a later proceeding, the trial court concluded that the provisions concerning attorney fees merged into the deed. It therefore declined to award such fees. This appeal followed.

## I.

Plaintiffs assert the trial court erred in finding that the attorney fee provision in the sales contract merged into the deed and was extinguished. We agree.

Generally, a buyer's acceptance of a deed tendered in performance of a sales contract extinguishes by merger any covenants in the sales contract relating to title, quantity, possession, or emblements of the land. It does not, however, affect other covenants that are not intended to be incorporated in the deed, or which are not necessarily satisfied by the execution and delivery of the deed. *City of Westminster v. Skyline Vista Development Co.*, 163 Colo. 394, 431 P.2d 26 (1967); *Lazy Dog Ranch v. Telluray Ranch Corp.*, 923 P.2d 313 (Colo.App.1996).

Here, the attorney fee provision does not relate to title, quantity, possession, or emblements of the land. *See Terrydale Liquidating Trust v. Barness,* 645 F.Supp. 920 (S.D.N.Y.1986). Moreover, because the attorney fee covenant could relate to future obligations, *i.e.*, performance of the assumption agreement, it was not necessarily satisfied by delivery of the deed. Consequently, merger did not occur.

Therefore, plaintiffs may seek attorney fees under the provision, and the trial court incorrectly held to the contrary. We express no opinion concerning the merits of plaintiffs'

claim, nor whether the attorney fee clause mandates an award.

## II.

Plaintiffs also contend that the trial court erred in awarding certain costs incurred by defendant after he had made an offer of settlement pursuant to § 13–17–202, C.R.S.1997. Specifically, plaintiffs contend that the transcription cost for a deposition taken on the day the offer was made was erroneously taxed. We disagree.

Under § 13–17–202(1)(a)(II), C.R.S.1997, if a defendant serves an offer of settlement that is rejected by the plaintiff, and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded "actual costs accruing after the offer of settlement."

"Accrual," in this sense, means due and payable or vested. Black's Law Dictionary 19 (5th ed.1979).

Here, defendant tendered an offer of settlement to plaintiffs on the day that defendant's deposition was taken. Plaintiffs rejected the offer, but after trial they recovered less than the amount of defendant's offer.

The deposition transcription cost did not accrue until defendant ordered and received a copy and thereby became obligated to pay for it. The date the deposition was taken is irrelevant.

Because the transcription cost accrued after the offer of settlement was made, the trial court correctly allowed defendant to recover it.

That portion of the orders awarding defendant the transcription cost of the deposition is affirmed. The remainder is reversed, and the cause is remanded for further proceedings.

PLANK and PIERCE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under    provisions of the Colo. Const. art. VI, Sec. 5(3),