**Sherri BENNETT and James Bennett, Plaintiffs–Appellees,**

v.

**Douglas R. HICKMAN, personally, and as parent and next friend of Matthew Hickman, a minor, and Matthew Hickman, Defendants–Appellants.**

No. 98CA0492.

Colorado Court of Appeals, Div. II.

Aug. 5, 1999.

Certiorari Denied Feb. 14, 2000.

Cameron W. Tyler and Associates, P.C., Cameron W. Tyler, Boulder, Colorado, for Plaintiffs–Appellees.

Wick, Campbell, Bramer, Ukasik & Trautwein, LLC, Kent N. Campbell, Kimberly B. Schutt, Fort Collins, Colorado, for Defendants–Appellants.

Opinion by Judge JONES.

Defendants, Matthew Hickman, a minor, and Douglas R. Hickman, personally, and as parent and next friend of Matthew Hickman, appeal the net judgment entered in favor of plaintiff, Sherri Bennett. We vacate the judgment and remand for further findings.

In October 1994, Sherri Bennett and Matthew Hickman were involved in an automobile accident. Sherri Bennett subsequently filed a negligence action against defendants in which her husband, James Bennett, asserted a claim for loss of consortium.

Prior to the first trial in this case, which resulted in a mistrial, defendants submitted offers of settlement to the Bennetts, pursuant to § 13–17–202, C.R.S.1998, in the amounts of $12,500 to Sherri Bennett and $2,500 to James Bennett. Defendants later submitted a second offer of settlement to Sherri Bennett in the amount of $27,500. All offers were declined.

After a mistrial on March 17, 1997, the case proceeded to trial on June 9, 1997. The jury found in favor of Sherri Bennett on the negligence claim in the amount of $10,000 and found in favor of defendants on James Bennett's loss of consortium claim.

In an order dated December 12, 1997, after awarding Sherri Bennett her costs as the prevailing party and off-setting a cost judgment in favor of defendants pursuant to § 13–16–105, C.R.S.1998, the trial court entered a net judgment in favor of Sherri Bennett and against defendants in the amount of $4,383. Subsequently, after increasing the amount of costs due to Bennett and reducing the amount of interest on the jury award, the court amended its order and judgment and entered a net judgment in favor of Sherri Bennett and against defendants in the amount of $22,032.

This appeal followed.

I.

Defendants first contend that the trial court erred in allowing plaintiff to recover costs as the prevailing party when the verdict rendered was less than the offer of settlement. We agree.

Both § 13–16–104, C.R.S.1998, and C.R.C.P 54(d) allow a plaintiff who prevails at trial to recover costs. However, § 13–17–202(1)(a)(II), C.R.S.1998, provides that, if the defendant tenders an offer of settlement which is rejected by the plaintiff, and plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

The intent of § 13–17–202(1)(a)(II) is to encourage the settlement of litigation by imposing upon a party who rejects a reasonable offer of settlement but recovers less than the amount of the offer, all of the post-offer costs of the offeror. *See Taylor v. Clark*, 883 P.2d 569 (Colo.App.1994).

As several cases have implied, an additional effect of this statute is to modify the provisions of § 13–16–104, C.R.S.1998, and C.R.C.P. 54(d), by not allowing a party who

rejects a settlement offer and recovers less at trial to recover his or her costs, even though that party is determined to be the prevailing party. *See Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993)(pursuant to the statute the court is not permitted to award costs to the prevailing party when that party rejected settlement offer and recovered less at trial); *Askew v. Gerace,* 851 P.2d 199 (Colo.App.1992)(pursuant to § 13–17–202(1)(a)(II) as then in effect, prevailing party not entitled to costs where he had rejected settlement offer and recovered less at trial); *Aberle v. Clark,* 916 P.2d 564 (Colo.App. 1995)(award of costs to prevailing party was error where prevailing party had rejected settlement offer and recovered less at trial).

Plaintiff contends that these cases can no longer be relied on because they were decided before the statute was amended in 1995. However, a comparison of the revised version of the statute with its original version reveals that the section relevant to this issue, § 13–17–202(1)(a)(II), underwent only minor changes which have no impact on the above cited cases. *See* Colo. Sess. Laws 1995, ch. 232 at 1194–1195.

Accordingly, we conclude that the trial court erred in allowing plaintiff to recover her costs as the prevailing party when the jury award did not exceed the settlement amount offered by defendants. The trial court's order with respect to plaintiff's costs, therefore, must be vacated.

## II.

Defendants also contend that the trial court erred in failing to award them their costs for the services of two expert witnesses. We remand for further findings.

Pursuant to § 13–17–202(1)(a)(II), if a defendant serves an offer of settlement that is rejected by the plaintiff, and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded "actual costs accruing after the offer of settlement."

■ The trial court has no discretion to deny an award of actual costs under this statute, so long as it determines that those costs are reasonable. Nonetheless, the trial court holds discretion over the amount of costs to be awarded and may disallow certain requested costs as unreasonable so long as the court includes in the record its reasons for doing so. *Scholz v. Metropolitan Pathologists, P.C.,* 851 P.2d 901 (Colo.1993); *Cedar Lane Investments v. St. Paul Fire & Marine Insurance Co.,* 883 P.2d 600 (Colo.App.1994).

■ The reasonableness of the costs and their amount are matters within the sound discretion of the trial court, and we will not disturb that determination on appeal absent an abuse of discretion. *Ballow v. PHICO Insurance Co.,* 878 P.2d 672 (Colo.1994); *Underwood v. Dillon Companies, Inc.,* 936 P.2d 612 (Colo.App.1997).

## A.

■ Defendants first assert that the trial court erred in denying them their costs concerning the fees incurred for analysis and trial testimony of their accident reconstruction expert.

The trial court denied defendants' costs as to this witness based on its conclusion that the expert's testimony was "very misleading" and "did not assist the jury." We view these remarks as constituting a conclusion by the trial court that the expert's testimony at trial was incredible as a matter of law. The question whether a trial court may deny costs for expert witness fees under § 13–17–202(1)(a)(II) on this basis is one of first impression in Colorado.

■ In a jury trial, the credibility of a witness and the weight of the witness' testimony are left to the province of the jury. *See Gordon v. Benson,* 925 P.2d 775 (Colo. 1996). The fact that a party, to whose benefit the expert witness testifies, has lost the case, is not, in and of itself, an indication that the jury gave no weight to the witness' testimony.

■ We, therefore, conclude that, under such circumstances, when the court can determine that the testimony of an expert is given in good faith and that the work in support of the testimony has been professionally and diligently performed, the question of costs concerning that witness' work

and testimony should not be governed by issues of credibility, but rather must be determined strictly on the reasonableness of the fees. *Cf. In re Marriage of Elmer,* 936 P.2d 617 (Colo.App.1997)(court found half of fee reasonable in light of charges that trial testimony by expert witness was duplicative and $14,470 in requested costs was excessive).

Accordingly, we conclude that the trial court erred in denying defendants' requested costs for this expert on the basis that the witness' testimony at trial was incredible as a matter of law. Hence, the matter must be remanded for a redetermination of whether the fee amount requested was reasonable in light of amount charged, time spent, services rendered, and prevailing rates in the community.

### B.

Defendants also contend that the trial court erred in denying their request for costs regarding fees incurred by their medical expert.

The trial court denied these costs on the basis that they had been paid prior to the settlement offer date and, therefore, were not recoverable under § 13–17–202(1)(a)(II).

Defendants argue that they are entitled to these costs because, despite the fact that they paid the costs prior to making an offer of settlement to plaintiff, the costs did not accrue, or become due, until after the settlement date and that, therefore, they fall within the scope of § 13–17–202(1)(a)(II). We agree with this interpretation of the statute.

■ Under § 13–17–202(1)(a)(II), a defendant is entitled to "actual costs accruing after the offer of settlement." The word "accruing," as used in this statute can be interpreted to mean due and payable or vested. *See Lasher v. Paxton,* 956 P.2d 647 (Colo.App. 1998). *See also Black's Law Dictionary* 19 (5th ed.1979).

In *Lasher,* a division of this court held that "accrual" of transcription costs, for a deposition taken on the day defendant's settlement offer was made, did not occur on the date the deposition was taken, but rather, occurred when defendant became obligated to pay for

them. Accordingly, the division found that the transcription costs fell within the scope of § 13–17–202(1)(a)(II).

Pursuant to the guidelines set forth in *Lasher,* the trial court erred by denying defendant's costs for its medical expert without first determining which of the expert's fees had accrued after the date of defendant's settlement offer. Accordingly, the matter must be remanded for findings as to what supporting work the expert performed, in addition to her trial testimony, that would support reasonable costs accruing after the date of the settlement offer.

### III.

■ Defendants finally contend that the trial court erred in awarding plaintiff prejudgment interest before off-setting the cost judgment in their favor. We disagree.

Defendants correctly assert that the trial court awarded plaintiff interest before off-setting the cost judgment in favor of defendants. Specifically, the trial court entered a $31,903 judgment in favor of plaintiff, which included $2,109 of prejudgment interest, and then off-set a $9,871 judgment in favor of defendants to reach a net judgment of $22,-032. Defendant argues that by not off-setting their cost judgment from the jury award before adding in the prejudgment interest, the trial court erred.

The question of whether prejudgment interest should be added to a jury award before a cost judgment awarded pursuant to § 13–17–202(1)(a), C.R.S.1998, is off-set is an issue of first impression in Colorado. We answer the question in the affirmative.

■ The addition of prejudgment interest to a judgment for compensatory damages in a negligence action recognizes that the loss caused by the tortious conduct occurred at the time of the resulting injury but that the damages paid to compensate for that loss are not received by the injured party until later. *Seaward Construction Co. v. Bradley,* 817 P.2d 971 (Colo.1991). Prejudgment interest on compensatory damages, therefore, represents a legislatively prescribed award for any delay in plaintiff's

receipt of money to which he or she has been found legally entitled. *Allstate Insurance Co. v. Starke,* 797 P.2d 14 (Colo.1990).

Allowing the judgment of costs to be deducted before the prejudgment interest is added would deny a plaintiff the full award to which he or she is entitled for the delay in receiving compensation for the injuries sustained. Furthermore, permitting such an off-set would provide a double benefit to a defendant that he or she is not entitled to under § 13–17–202(a)(1)(II). By not requiring a defendant to be responsible for all of the prejudgment interest due to plaintiff, the defendant would receive a financial benefit in addition to the "actual costs accruing after the offer of settlement." To prevent such unfairness, we hold that a cost judgment under § 13–17–202, C.R.S.1998, is to be off-set from a jury award only after the prejudgment interest has been added.

In so holding, we reject defendants' reliance on *York Plumbing & Heating Co. v. Groussman Investment Co.,* 166 Colo. 382, 443 P.2d 986 (1968). There, the supreme court found that in cases where two claims arise out of the same general transaction, a liquidated claim can be offset against an unliquidated claim before the computation of interest. The limited holding of *York,* therefore, is not applicable in a case such as this, where the court is not faced with off-setting two claims arising out of the same transaction but, rather, is obligated to off-set a judgment of costs against a judgment on a claim.

The judgment is vacated and the cause is remanded for further findings consistent with the views set forth in this opinion.

Judge PLANK and Judge STERNBERG * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S.1998.