**Mary J. COE and Brian J. Coe,**
**Plaintiffs–Appellees,**

v.

**CRADY DAVIS CORPORATION,**
**Defendant–Appellant.**

**No. 01CA2353.**

Colorado Court of Appeals,
Div. I.

Nov. 7, 2002.

Ball, Easley, Wabeke, Brummet & Johnson, Richard W. Ball, Erik A. Johnson, Loveland, Colorado, for Plaintiffs–Appellees.

Fischer & Fischer, LLP, Erik G. Fischer, Thomas W. Martin, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

In this action arising from the sale of real property, defendant, Crady Davis Corporation, appeals that portion of the trial court's judgment declining to award defendant attorney fees under a fee-shifting provision in the real estate sales contract. We reverse that portion of the judgment and remand with directions.

Plaintiffs, Mary J. Coe and Brian J. Coe, purchased a large parcel of vacant land from defendant for a price of $782,565. Under the sales contract, the purchase price was calculated based upon a lot size of 372,650 square feet.

After the sale closed, plaintiffs paid for a survey of the property. According to the complaint, the survey revealed that the property contained 28,961.6 fewer square feet than had been represented in the sales contract. Plaintiffs sought damages of $60,819.36 for this alleged "deficiency" in the size of the property. Defendant filed an answer denying liability and requesting an award of attorney fees and costs.

The matter culminated in a two-day bench trial. During the trial, counsel for defendant requested an award of attorney fees pursuant to the fee-shifting clause in the sales contract. That clause provided for an award of costs and expenses, including attorney fees, to the "prevailing party" in any litigation arising out of the contract.

After considering the evidence, the trial court entered an order dismissing the complaint, concluding that plaintiffs had failed to meet their burden of proof on all three of their claims for relief. The trial court ruled that defendant was entitled to recover costs but that costs would "not includ[e] attorney's fees."

Defendant filed a timely C.R.C.P. 59 motion in which it argued that as the prevailing party in the action, it was entitled to recover attorney fees pursuant to the sales contract. The motion was deemed denied pursuant to C.R.C.P. 59(j).

We agree that defendant was entitled to recover attorney fees under the provision in the sales contract and remand this case for further proceedings to determine the amount of those fees.

## I.

Initially, we reject plaintiffs' argument that defendant waived its right to recover fees under the contract. Defendant plainly requested attorney fees in its answer and specifically requested fees under the contract during the trial.

Nor, contrary to plaintiffs' contention, did defendant waive its right to seek fees by failing to present evidence of those fees at trial. Defendant was not seeking attorney fees as damages in this case. *See Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936 (Colo. 1993)(if attorney fees are considered to be damages, they must be determined by the trier of fact and proved during the damages phase of the trial). Rather, defendant was claiming attorney fees as the prevailing party and as an item of costs. *See Chartier v. Weinland Homes, Inc.,* 25 P.3d 1279 (Colo.App.2001)(generally, if attorney fees are simply the consequence of a contractual agreement to shift fees to a prevailing party, they are treated as costs). Consequently, defendant's request for fees should have been addressed after the trial on the merits. *See Town of Alma v. Azco Constr., Inc.,* 985 P.2d 56 (Colo.App.1999)(claim for attorney fees by prevailing party, based on contractual provision, arises after trial, when prevailing party can be identified), *aff'd,* 10 P.3d 1256 (Colo.2000).

Based on our review of the record, we are satisfied that defendant adequately preserved its right to seek attorney fees pursuant to the provision in the sales contract.

## II.

Plaintiffs argue that defendant is not entitled to seek attorney fees under the contract

because the fee-shifting provision merged into the deed upon the closing of the sale. We are not persuaded.

■ Covenants in an antecedent contract that are not intended by the parties to be incorporated in the deed, or that are not necessarily satisfied by the execution and delivery of the deed, are collateral agreements and are preserved from merger. *City of Westminster v. Skyline Vista Dev. Co.*, 163 Colo. 394, 431 P.2d 26 (1967). Absent express language to the contrary, delivery of a deed extinguishes only covenants pertaining to title, possession, quantity, or emblements of the land. *See City of Westminster v. Skyline Vista Dev. Co., supra; see also Brooks v. Hodges*, 43 Colo.App. 205, 606 P.2d 77 (1979).

■ In *Lasher v. Paxton*, 956 P.2d 647 (Colo.App.1998), a division of this court addressed whether a substantially similar attorney fees provision in a real estate sales contract had merged into the deed at closing. The division concluded that the attorney fees provision had not merged, in part because it did "not relate to title, quantity, possession, or emblements of the land." *Lasher v. Paxton, supra*, 956 P.2d at 648; *see also Terrydale Liquidating Trust v. Barness*, 645 F.Supp. 920 (S.D.N.Y.1986)(applying Colorado law and concluding that attorney fees provision in real estate sales contract did not merge because it was collateral and was not necessarily satisfied by the execution and delivery of the deed).

■ Plaintiffs argue that *Lasher* is distinguishable because the contract there involved certain continuing obligations after closing. We acknowledge this distinction and the fact that the division in *Lasher* relied upon it to some extent in reaching its decision. However, it appears that under Colorado law generally, the critical issue in deciding whether a contract provision merges into the deed is whether that provision relates to title, quantity, possession, or emblements of the land. Because the fee-shifting provision at issue here does not so relate, we conclude that it did not merge into the deed at closing. *See*

*Lasher v. Paxton, supra; see also Terrydale Liquidating Trust v. Barness, supra.* Recognizing that *Lasher* did not hold specifically that a fee-shifting provision survived expungement by the merger doctrine, we now so hold.

Plaintiffs argue that *Reed v. Dudley*, 35 Colo.App. 420, 533 P.2d 507 (1975), is dispositive of the issue whether a fee-shifting clause survives closing under the merger doctrine. *Reed* did not concern a fee-shifting provision, but instead dealt with warranties of title that appeared in both the underlying contract and the deed.

Nor are we persuaded by plaintiffs' argument that the attorney fees provision does not apply because their complaint sought equitable relief. The fee-shifting provision is not limited solely to legal claims, but instead applies "in the event of *any ... litigation* arising out of this contract." Plaintiffs' complaint clearly bases some, if not all, of the claims on the contract.

We thus conclude that the attorney fees provision survived the closing on the property.

### III.

■ Finally, because plaintiffs failed to prove liability on any of their claims at trial, we agree with defendant's contention that it was the prevailing party at trial. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326 (Colo.1994)(under contractual fee-shifting provision, party in whose favor the decision or verdict on liability is rendered is the "prevailing party"). Indeed, plaintiffs do not dispute that contention.

The portion of the judgment declining to award defendant attorney fees under the fee-shifting provision in the sales contract is reversed, and the case is remanded for further proceedings on defendant's request for attorney fees incurred in the trial court and in this appeal.

Judge METZGER and Judge

CRISWELL * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.