24CA0013 Marriage of Dyar 02-13-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0013
La Plata County District Court No. 22DR2130
Honorable Nathaniel Baca, Judge

---

In re the Marriage of

Joseph Barry Dyar, Jr.,

Appellee,

and

Sharla Lynn Dyar,

Appellant.

---

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 13, 2025

---

The Law Firm of Lisa Ward, LLC, Lisa Ward, Donald Lawrence, Jr., Durango, Colorado, for Appellee

Law Office of Daily & Pratt, LLC, Lisa M. Dailey, Joel M. Pratt, Colorado Springs, Colorado, for Appellant

¶ 1    Sharla Lynn Dyar (wife) appeals the district court's judgment dissolving her marriage with Joseph Barry Dyar, Jr. (husband). We affirm.

## I.    Background

¶ 2    Shortly before their 2011 marriage, the parties executed a premarital agreement, in which they agreed that each party would retain their separate property if the marriage was dissolved. The premarital agreement defined separate property to include premarital assets, separately titled property, property acquired by gift during the marriage, property acquired in exchange for separate property, and any increases in the value of separate property.

¶ 3    Husband owned a home before the marriage, which we will refer to as the Ignacio home. Although this home was husband's premarital property, the premarital agreement directed husband to give wife an ownership interest in it under the following terms:

> Upon marriage[,] [husband] will gift an undivided 3% ownership interest in the [Ignacio] home property to [wife] . . . . At the anniversary of each year of their marriage[,] [husband] will gift an additional 1% ownership interest in the [Ignacio] home property. [Wife] will not be added to the title of the [Ignacio home] until year 5 of their marriage when she will then own an 8% equity interest in the

home property. At the anniversary of year 10[,] . . . [h]usband will gift 37% ownership interest in the [Ignacio home] to [w]ife, bringing her ownership interest in the [Ignacio home] to 50%.

¶ 4 In 2012, however, husband executed a deed granting wife joint tenancy in the Ignacio home. In 2016, wife executed another deed transferring her ownership interest in the Ignacio home to husband.

¶ 5 In 2022, the parties initiated the dissolution case. They agreed that the premarital agreement was valid and enforceable and governed the division of their property. Their only dispute was whether the premarital agreement entitled wife to a portion of the Ignacio home as marital property or whether, due to the deeds executed in 2012 and 2016, the Ignacio home had once again become husband's separate property.

¶ 6 The court began the permanent orders hearing, but after receiving limited evidence from husband, it continued the hearing so that the parties could address wife's motion to exclude parol evidence relating to the premarital agreement. Husband's counsel then indicated that husband wanted to file a C.R.C.P. 56(h) motion to determine a question of law concerning the characterization of the Ignacio home as his separate property. The court set a motions

hearing, and it reset the permanent orders hearing. The court later granted husband leave to file his Rule 56(h) motion.

¶ 7 After the parties fully briefed husband's Rule 56(h) motion and wife's parol evidence motion, they asked the court to vacate the motions hearing and rule on the written filings. The court granted their request. It then granted husband's Rule 56(h) motion and concluded that the Ignacio home was husband's separate property. The court later vacated the rescheduled permanent orders hearing and entered permanent orders.

## II.  Rule 56(h) Order

¶ 8 Wife contends that the district court didn't provide sufficient findings or conclusions of law to explain the basis of its Rule 56(h) order.[1] The court's ruling, though brief, was sufficient, and because the undisputed facts and the applicable law support its determination, we won't disturb it.

---

[1] Wife characterizes the ruling as one for summary judgment under C.R.C.P. 56(c). But the ruling was only on a question of law under C.R.C.P. 56(h), even though the ruling ultimately led to judgment for husband.

3

## A. Governing Legal Standards

¶ 9 We review de novo a court's Rule 56(h) order. *See Coffman v. Williamson*, 2015 CO 35, ¶ 12. Under Rule 56(h), the court may determine a question of law when no genuine issues of material fact exist that impact the court's determination. *See Coffman*, ¶ 12. The court should provide a clear understanding of the basis of its ruling. *See In re Marriage of Gibbs*, 2019 COA 104, ¶ 9. But the court isn't required to make any specific findings of fact and conclusions of law. C.R.C.P. 52; *accord Leidy's, Inc. v. H2O Eng'g, Inc.*, 811 P.2d 38, 39 (Colo. 1991).

## B. Discussion

¶ 10 In its Rule 56(h) order, the court ruled that, based on the undisputed facts, husband was entitled to judgment as a matter of law, and it determined that the Ignacio home was his separate property. Later, the court clarified that its decision was based on the undisputed facts in the Joint Trial Management Certificate (JTMC) and the parties' briefings, and the law set out in husband's motion and reply. Although the court didn't make extensive findings, its ruling explained that it accepted and adopted husband's legal arguments, and that when applying the law to the

4

undisputed facts, husband was entitled to determination as a matter of law. A review of husband's motion and reply, therefore, gives a sufficient understanding of the court's rationale. *See People ex rel. MacFarlane v. Delaware Corp.*, 626 P.2d 1144, 1146 (Colo. App. 1980) (determining that a court's summary conclusion to grant relief based on the grounds set forth in a party's motion was sufficient).

¶ 11    In his Rule 56(h) motion, husband pointed out that the parties had agreed in the JTMC that (1) husband executed a joint tenancy deed to wife for the Ignacio home in 2012; and (2) in 2016, wife executed a deed giving her ownership interest to husband. Husband argued that under the merger doctrine and the plain language of the premarital agreement, these undisputed facts established that the Ignacio home was his separate property. He explained that by executing the 2012 joint tenancy deed, he satisfied his obligation under the premarital agreement to give wife 50% ownership in the Ignacio home and that the joint tenancy deed extinguished the premarital agreement's provision concerning the Ignacio home. He further explained that by executing the 2016 deed, wife gifted husband her ownership in the home, and that,

under the terms of the premarital agreement concerning separate property, the Ignacio home, now titled solely in his name, was his separate property.

¶ 12    In her response to husband's motion, wife asserted, without citing any legal authority, that the authorities on which husband relied — which concerned contracts to convey property and merger — don't apply to premarital agreements.

¶ 13    In his reply, husband reiterated the argument in his motion and also argued that wife had waived compliance with the premarital agreement by accepting the deed in 2012 and deeding the property back to husband in 2016.

¶ 14    The court accepted husband's arguments, which we take to mean all of husband's arguments.  And on appeal, wife doesn't challenge the merits of them, save perhaps for merger.  *See IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008) (where the court rules on multiple bases, the appellant's failure to challenge all such bases on appeal requires us to affirm).  Nonetheless, we conclude that the district court properly applied the merger doctrine.

¶ 15     Under the merger doctrine, a party's acceptance of a deed tendered in performance of an agreement to transfer property extinguishes the agreement's terms concerning title, possession, quantity, or emblements of the property. *Lazy Dog Ranch v. Telluray Ranch Corp.*, 923 P.2d 313, 318 (Colo. App. 1996); *Skidmore v. First Bank of Minneapolis*, 773 P.2d 587, 589 (Colo. App. 1988). Even though the terms of the deed may vary somewhat from the terms of the prior contract, the deed controls the parties' rights to the property. *Reed v. Dudley*, 533 P.2d 507, 508 (Colo. App. 1975); *see also Campbell v. Summit Plaza Assocs.*, 192 P.3d 465, 476 (Colo. App. 2008) ("[T]he rights of the parties are determined by the covenants in the deed rather than by the language of the contract.").

¶ 16     The premarital agreement provided a schedule by which husband was required to give wife 50% ownership in the Ignacio home over ten years. The agreement clarified that nothing "limit[ed] or restrict[ed] in any way" husband's right to give the property to wife earlier. Husband decided to execute the joint tenancy deed a year into the marriage. Through this deed, wife received an equal undivided ownership interest in the Ignacio home, and as evidenced

by wife's signature on a later home mortgage, she accepted ownership in the home as a joint tenant. *See Com. Factors of Denver v. Clarke & Waggener*, 684 P.2d 261, 263 (Colo. App. 1984) ("Each of two joint tenants owns an undivided one-half interest in the property as a whole."). The premarital agreement's provision concerning the Ignacio home thus merged into the deed. *See Lazy Dog Ranch*, 923 P.2d at 318; *Skidmore*, 773 P.2d at 589. This joint tenancy deed then controlled wife's rights in the Ignacio home and extinguished husband's obligation under the premarital agreement's provision. *See Reed*, 533 P.2d at 508; *see also Campbell*, 192 P.3d at 476.

¶ 17 Wife argues, however, that the merger doctrine shouldn't apply to the premarital agreement because the cases applying that doctrine didn't arise in a domestic relations context and were decided before the "General Assembly adopted the Uniform Premarital and Marital Agreements Act" (UPMAA). *See* §§ 14-2-301 to -313, C.R.S. 2024. But wife overlooks that the UPMAA doesn't apply to an agreement executed in 2011. *See* § 14-2-303(1), (2), C.R.S. 2024 (limiting the application of the UPMAA to agreements signed on or after July 1, 2014). In any event, we reject wife's

suggestion that the merger doctrine doesn't apply to the parties' premarital agreement. The premarital agreement directed husband to add wife to the title and give her 50% ownership in the Ignacio home. Therefore, the provision concerned the title and possession to the home, and the execution of the joint tenancy deed effectuated that transfer. *See Lazy Dog Ranch*, 923 P.2d at 318; *Skidmore*, 773 P.2d at 589. Wife doesn't point us to any legal authority creating an exception for a premarital agreement. *See In re Marriage of Drexler*, 2013 COA 43, ¶ 27 (the appealing party bears the burden of providing authority to support a contention of error).

¶ 18    Still, wife argues that the premarital agreement governed more than just the transfer of ownership in the Ignacio home. Be that as it may, provisions in an agreement "that are not intended by the parties to be incorporated in the deed, or that are not necessarily satisfied by the execution and delivery of the deed, are collateral agreements and are preserved from merger." *Coe v. Crady Davis Corp.*, 60 P.3d 794, 796 (Colo. App. 2002); *accord Bedard v. Martin*, 100 P.3d 584, 593 (Colo. App. 2004). The 2012 joint tenancy deed, therefore, extinguished only husband's obligation to transfer to wife title and ownership in the Ignacio home. The other provisions of

the premarital agreement survived the 2012 deed, which, as relevant in this case, included the provision directing that each party retains any separate property.

¶ 19 After wife received her full ownership interest in the Ignacio home, she executed the 2016 deed, which transferred her ownership interest to husband. Husband then became the 100% owner of the Ignacio home, and the home was titled solely in his name. Under the separate property provision in the premarital agreement, separate property included all "separately titled property" and "any property acquired by gift" during the marriage. Applying these plain terms, the Ignacio home was husband's separate property following the 2016 deed, and it wasn't subject to the court's division in the dissolution case. *See* § 14-10-113(1), (2)(d), C.R.S. 2024; *see also Ad Two, Inc. v. City & Cnty. of Denver*, 9 P.3d 373, 376 (Colo. 2000) (construing the terms of an agreement in accordance with their plain and generally accepted meanings). And, contrary to wife's claim, husband did not raise this plain language argument for the first time in his reply. He included it in the Rule 56(h) motion, wife had an opportunity to respond to it, and it was proper for the court's consideration.

¶ 20    Wife also argues that husband argued for the first time in his reply to the Rule 56(h) motion that he was entitled to a determination as a matter of law because she had waived her right to seek performance of the Ignacio home provision and that the court may have improperly relied on this additional argument. But, in requesting the court to vacate the hearing on the parties' motions, wife "agree[d] that the Court [could] rule based upon the briefing submitted by the parties." She didn't object to any new argument in the reply brief or ask for the opportunity to respond to any such argument. Regardless, given our conclusion that the court properly determined that the Ignacio home was husband's separate property under the merger doctrine, a plain reading of the premarital agreement, and the undisputed facts concerning the transfer of the Ignacio home's title, we don't need to address whether the court erred by apparently accepting the alternative waiver argument. *Cf. Whiting-Turner Contracting Co. v. Guarantee Co. of N. Am. USA*, 2019 COA 44, ¶¶ 32-33 (declining to address one basis for the court's ruling when the court properly entered judgment on an alternative basis).

¶ 21    In sum, we conclude that the court made sufficient findings to explain its Rule 56(h) order and did not err by concluding that the Ignacio home was husband's separate property.

### III.    Due Process

¶ 22    Wife next contends that the district court violated her due process rights.  We consider and reject her contentions.

### A.    Governing Legal Standards

¶ 23    Due process requires a party to be provided with a meaningful opportunity to be heard.  *In re Marriage of Hatton*, 160 P.3d 326, 329 (Colo. App. 2007).  The essence of due process is fundamental fairness.  *Van Sickle v. Boyes*, 797 P.2d 1267, 1273 (Colo. 1990).  It therefore "is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *accord Van Sickle*, 797 P.2d at 1273.

¶ 24    We review de novo whether a party was accorded sufficient due process.  *See People in Interest of R.J.B.*, 2021 COA 4, ¶ 26.

### B.    Husband's Reply to the Rule 56(h) Motion

¶ 25    In addition to her arguments above, wife contends that she was denied due process because the "court may have relied on new

12

arguments in [h]usband's reply without allowing [her] the chance to respond." We disagree.

### 1. Applicable Law

¶ 26    A court generally should not base its ruling on an argument to which the opposing party wasn't given the opportunity to respond. *See Krol v. CF & I Steel*, 2013 COA 32, ¶ 36; *Wallman v. Kelley*, 976 P.2d 330, 334 (Colo. App. 1998).

### 2. Plain Language Argument

¶ 27    As mentioned above, wife claims that husband first made his argument that the plain language of the premarital agreement established that the Ignacio home was his separate property in his reply in support of his Rule 56(h) motion. Although husband placed this plain language argument under a separate heading for the first time in his reply, he first raised it in his Rule 56(h) motion. Wife therefore had a meaningful opportunity to address this argument, but she chose not to. *See In re Marriage of Yates*, 148 P.3d 304, 310 (Colo. App. 2006) (a spouse wasn't denied due process when the spouse's inability to fully present their case was attributable to their attorney's choices).

### 3.    Waiver Argument

¶ 28    Wife also claims that she wasn't given an opportunity to respond to husband's argument that she had waived her right to seek performance of the premarital agreement's provision on the Ignacio home by executing the 2016 deed.  This was so because, in wife's view, husband raised it for the first time in his reply to the Rule 56(h) motion.  However, that wasn't the first time husband asserted the argument.

¶ 29    The parties briefed the Rule 56(h) motion simultaneously with wife's motion to exclude parol evidence related to the premarital agreement.  In husband's response to the parol evidence motion, which he filed before wife responded to the Rule 56(h) motion, he argued that wife's actions demonstrated "her waiver of any claims regarding" the terms of the agreement relating to the Ignacio home.  In making that argument, he referred to his Rule 56(h) motion.  Given the overlap in the parties' motions, wife had notice of the argument and could have responded to it in her response to the Rule 56(h) motion.  She also could have addressed it in her reply to her parol evidence motion, but she didn't.  Moreover, as noted above, wife agreed that the court could decide the Rule 56(h) motion

"based upon the briefing submitted by the parties," and she had another opportunity to address this issue at the scheduled hearing, but she instead agreed to have the court vacate that hearing. *See Yates,* 148 P.3d at 310.

¶ 30    But even if wife wasn't afforded a full opportunity to respond, she does not make an adequate showing of prejudice to warrant reversal. As explained above, the court properly entered the ruling in husband's favor on the alternative basis for relief, and wife had a full opportunity to respond to those arguments. *See People in Interest of J.A.S.,* 160 P.3d 257, 262 (Colo. App. 2007) (a party generally may not obtain relief on a due process claim absent a showing of harm or prejudice).

¶ 31    We therefore disagree with wife that her due process rights were violated by the court's possible consideration of arguments purportedly raised for the first time in husband's reply to the Rule 56(h) motion.

C.    Wife's Opportunity to File Responses to Motions

¶ 32    Wife next contends that the court reversibly erred by ruling on two of husband's motions without affording her adequate time to respond. We disagree.

15

### 1. Applicable Law

¶ 33      Unless otherwise ordered, a district court must give a nonmoving party twenty-one days to file a response or objection to a motion, or if the motion is filed within forty-two days of the trial, the nonmoving party shall be given fourteen days to respond to the motion. C.R.C.P. 121 § 1-15(1)(b).

### 2. Motion Seeking Permission to File the Rule 56(h) Motion

¶ 34      At the permanent orders hearing, husband's counsel informed the court that, given the continuation of the hearing, husband intended to file a Rule 56(h) motion concerning the characterization of the Ignacio home. Wife's counsel objected and argued that husband needed the court's permission to file that motion. *See* C.R.C.P. 16.2(c)(4)(B). Counsel also told the court that if husband filed a request, wife did not "need more than seven days" to respond. After the hearing, husband filed his request, and the court granted it nine days later.

¶ 35      Although wife complains that she wasn't given the full twenty-one days to respond to husband's request to file a Rule 56(h) motion, her attorney told the court that wife would file such a response within seven days. After those seven days passed without

16

a response from wife, the court granted husband's request.  *See In re Marriage of Evans*, 2021 COA 141, ¶ 24 ("Waiver is the intentional relinquishment of a known right; it may be express, as when a party states its intent to abandon an existing right, or implied, as when a party engages in conduct which manifests an intent to relinquish the right or acts inconsistently with its assertion.").

¶ 36    At any rate, we disregard an error or defect in the proceeding that doesn't affect the parties' substantial rights.  *See* C.A.R. 35(c); *see also J.A.S.*, 160 P.3d at 262.  "A party's substantial right is one that relates to the subject matter and not to a matter of procedure or form."  *Union Ins. Co. v. Hottenstein*, 83 P.3d 1196, 1199 (Colo. App. 2003).  Even if wife wasn't given the full time to respond to husband's request, the court's ruling merely granted husband permission to file his Rule 56(h) motion.  Wife still had the opportunity to respond to the merits of husband's Rule 56(h) motion, and the court considered her response to that motion when it rendered its Rule 56(h) order.  Thus, even if we assume, without deciding, that the court erred, we aren't persuaded that the error warrants reversal.

### 3. Motion to Vacate the Permanent Orders Hearing

¶ 37    After the court issued its Rule 56(h) order, husband filed an expedited motion to vacate the rescheduled permanent orders hearing. Husband explained that the sole disputed issue for the court to resolve at the previously scheduled permanent orders hearing was whether the Ignacio home was his separate property, the Rule 56(h) order had since resolved that issue, and no disputed issues remained for the court at the rescheduled permanent orders hearing. Fourteen days later, the court granted the motion.

¶ 38    Even if the court vacated the hearing before affording wife the full time to respond, nothing remained for the court to decide at the permanent orders hearing following its Rule 56(h) order and the parties' previous agreements on the limited scope of the dissolution proceeding. Still, wife suggests that the court had not yet resolved "the merits of the case" until it ruled on the motion to vacate and that she could have presented additional arguments to contest the Rule 56(h) order at the rescheduled hearing. While the court expanded on its explanation for the Rule 56(h) order when it vacated the rescheduled permanent orders hearing, nothing in the record shows that it was still considering the merits of that issue.

The court merely clarified that it had accepted the legal arguments presented by husband. And wife doesn't explain why the permanent orders hearing was necessary for her to contest the court's Rule 56(h) order.

¶ 39 Thus, any error in the court's premature ruling on the motion to vacate permanent orders doesn't require reversal. *See* C.A.R. 35(c); *Union Ins. Co.*, 83 P.3d at 1199; *see also J.A.S.*, 160 P.3d at 262.

### D. Presentation of Evidence

¶ 40 Husband testified at the initial permanent orders hearing, and the court admitted a few of his exhibits. Wife argues that husband then used those exhibits and an excerpt of wife's deposition in support of his Rule 56(h) motion, but that she was not afforded the same opportunity to present evidence because the court continued the hearing before she could cross-examine husband or present her own testimony and exhibits. She claims that this procedure denied her an opportunity to be heard on the Rule 56(h) motion and violated her due process rights. We aren't persuaded.

¶ 41 While husband provided limited testimony and the court admitted some exhibits, the evidence husband relied on in support

of his Rule 56(h) motion concerned matters of fact that were generally undisputed. Indeed, the exhibits attached to his motion included evidence on the provisions of the premarital agreement and the transfer of title on the Ignacio home. In any event, if wife wanted to present any additional evidence with her response to husband's Rule 56(h) motion, she could have done so. *Cf.* C.R.C.P. 56(h) (noting the availability of an affidavit to support a motion for a determination of law). Her decision not to present evidence in support of her response to the Rule 56(h) motion doesn't mean she was denied due process. *See Yates*, 148 P.3d at 310.

## IV. Appellate Attorney Fees

¶ 42 Husband requests an award of appellate attorney fees under section 13-17-102, C.R.S. 2024, arguing that wife's appeal was "stubbornly litigious." Attorney fees under section 13-17-102 "should be awarded only in clear and unequivocal cases when the appellant presents no rational argument, or the appeal is prosecuted for the purpose of harassment or delay." *In re Marriage of Boettcher*, 2018 COA 34, ¶ 38, *aff'd*, 2019 CO 81. While wife's appeal was unsuccessful, we don't agree with husband that it

warrants an award of attorney fees.  We therefore deny husband's request.

## V.    Disposition

¶ 43    The judgment is affirmed.

JUDGE BROWN and JUDGE YUN concur.